632 So.2d 122 (1994)
David EAGLE and State of Florida, Department of Health and Rehabilitative Services, Appellants,
v.
Vickie EAGLE, Appellee.
No. 93-1860.
District Court of Appeal of Florida, First District.
February 9, 1994.
Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., Tallahassee, for appellants.
No appearance by appellee.
PER CURIAM.
This cause is before us on appeal from an order dismissing appellants' complaint under Chapter 409, Florida Statutes, for child support. Because the order appealed from reads in its entirety, "[t]his case is dismissed without prejudice," the first issue is one we raise, whether we have jurisdiction to consider the merits of this appeal.
An order dismissing a case or complaint "without prejudice" is sufficiently final to permit an appeal if the case is disposed of by the order and no issues remain for judicial determination. See Carlton v. Walmart Stores, Inc., 621 So.2d 451 (Fla. 1st DCA 1993) [order dismissing complaint for failure to timely obtain service under Florida Rule of Civil Procedure 1.070(j), though "without prejudice," was final because the dismissal *123 was without prejudice to file a second separate action rather than to file an amended complaint]. The order under review does not indicate on its face whether the dismissal was without prejudice to appellants to pursue their claim for child support in a different case or to file an amended complaint. From the statement of the evidence prepared pursuant to Florida Rule of Appellate Procedure 9.200, however, it appears that the trial court intended for appellants to pursue their child support claim in a subsequent divorce proceeding. We therefore have jurisdiction.
On the merits, appellants contend that the trial court erred in refusing to consider evidence that income should be imputed to appellee. We are constrained to affirm, however, because appellants have failed to preserve this issue for appellate review. From the pleadings, financial affidavits, and statement of the evidence, it appears that appellants brought a claim for child support, the amount of which was to be determined by application of the guidelines set forth in section 61.30, Florida Statutes, to the earnings of the parties as indicated in the financial affidavits. At the hearing, appellants contended that the trial court should impute income to appellee, because appellee had recently become unemployed. At this point, the trial court stated that it would not impute income to appellee and that appellants should pursue their child support claim in a yet-to-be-filed divorce proceeding. The trial court thereafter entered the order from which the instant appeal is taken.
Essentially, appellants had a right to present evidence that income should be imputed to appellee, but the trial court refused to hear the evidence. Although this was error, we cannot determine whether this error was reversible, because appellants made no proffer of the evidence. See § 90.104(1), Fla. Stat.
The order appealed from is therefore affirmed.
BOOTH, LAWRENCE and DAVIS, JJ., concur.