718 So.2d 371 (1998)
Jeffrey J. HOFFMAN, Appellant,
v.
Elizabeth C. HOFFMAN, Appellee.
No. 98-0131.
District Court of Appeal of Florida, Fourth District.
October 7, 1998.
Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Richard A. Barlow of Kibbey & Barlow, Stuart, for appellant.
W. Jay Hunston, Jr. and Ronald E. Crescenzo of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Husband, was previously before this court on a petition for writ of certiorari, *372 challenging imposition of a $500 per day fine for discovery violations. We quashed the order because there was no finding that Husband was in contempt, and the imposition of a fine for discovery violations requires a finding of contempt. Hoffman v. Hoffman, 23 Fla. L. Weekly D1539, ___ So.2d ___ (Fla. 4th DCA June 24, 1998) (citing Florida Physicians Ins. Reciprocal v. Baliton, 436 So.2d 1110 (Fla. 4th DCA 1983); Paramount Advisors, Inc. v. Schwartz, 591 So.2d 671 (Fla. 4th DCA 1991)). While the certiorari proceeding was pending, the trial court entertained Wife's motion to strike Husband's pleadings based on his continuing violation of discovery orders. The trial court granted the motion to strike the pleadings based on Husband's willful refusal to comply with the trial court's discovery orders. The trial court also held that Husband was in contempt of court. Husband then filed this non-final appeal.
We conclude that the trial court did not abuse its discretion in striking Husband's pleadings and therefore affirm that portion of the order. However, we direct the trial court, on remand, to strike the finding of contempt, as Wife was not seeking to hold Husband in contempt at that point in the proceedings. See Stevens v. Enterprise Developers, 441 So.2d 184 (Fla. 4th DCA 1983) (reversing contempt finding where appellant was not given notice of court's intention or adverse parties' desire to hold him in contempt). Unlike the imposition of a fine, which requires a contempt finding, the striking of pleadings need only be based on willful noncompliance, as was present here. See Mercer v. Raine, 443 So.2d 944, 946 (Fla. 1983); Harper-Elder v. Elder, 701 So.2d 1230 (Fla. 4th DCA 1997).
Wife's motion for attorney's fees and costs is denied.
AFFIRMED IN PART AND REMANDED.
STONE, C.J., and POLEN and GROSS, JJ., concur.