793 So.2d 128 (2001)
Jeffrey J. HOFFMAN, Appellant,
v.
Elizabeth C. HOFFMAN, Appellee.
No. 4D00-2649.
District Court of Appeal of Florida, Fourth District.
August 22, 2001.
Rehearing Denied October 3, 2001.
*129 Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, West Palm Beach, for appellant.
Jane Kreusler-Walsh and Rebecca J. Mercier of Jane Kreusler-Walsh, P.A., and W. Jay Hunston, Jr., of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for appellee.
POLEN, C.J.
Jeffrey J. Hoffman (the "Former Husband") appeals from an Amended Final Judgment of Dissolution of Marriage. We affirm based on a consideration of all six points on appeal and write only to clarify our reasoning in this dissolution action which is before this court for the third time.
On May 7, 1996, Elizabeth Hoffman (the "Former Wife") filed a Petition for Dissolution of Marriage. Thereafter, the Former Husband filed an Answer and Counterpetition. As a result of numerous discovery violations by the Former Husband, the trial court imposed a $500.00 per day fine, but this court quashed the order imposing the fine because there was no finding that he was in contempt. See Hoffman v. Hoffman, 764 So.2d 3 (Fla. 4th DCA 1998). While the certiorari proceeding was pending in this court, the trial court entered an order striking the Former Husband's pleadings because of his continued violation of discovery orders specifically stating, "[b]ecause multiple deadlines were ignored and court orders disregarded by the Husband, a deliberate and contumacious disregard of the court's authority took place." In Hoffman v. Hoffman, 718 So.2d 371 (Fla. 4th DCA 1998), this court affirmed the trial court's order striking the pleadings. Subsequently, a final hearing was held and the trial court entered an Amended Final Judgment on July 5, 2000.
As a basis for his first point on appeal, Former Husband argued the trial court erred by denying his motion to reinstate his pleadings which was filed along with supplemental discovery a little over a month before the trial was set to begin, as well as failing to hear evidence on the motion. We have no doubt that the trial court acted correctly when it denied this motion. The Former Husband's argument that the trial court should have granted his motion is totally illogical and without any legal support, in that his theory would require trial courts to lift sanctions for discovery violations upon compliance, no matter how belated. If parties know sanctions will be lifted, they will have little incentive to comply with discovery requests in a timely manner and instead will not comply until the eve of trial. This Court will not condone a procedure which amounts to an absolute license to disregard discovery orders and which would nullify the very rules of civil procedure designed to protect a party's discovery rights and eliminate any possibility of unfair surprise at trial. Moreover, in spite of the Former Husband's protestations to the contrary, he is simply rearguing the merits of the trial court's original order striking his pleadings, an order which this court previously affirmed in Hoffman v. Hoffman, 718 So.2d 371 (Fla. 4th DCA 1998). Our prior affirmance of the trial court's *130 order has become the law of the case and the subsequent trial court was correct to deny the Motion to Reinstate the Pleadings on this basis. See Brunner Enters., Inc. v. Dep't of Revenue, 452 So.2d 550, 552 (Fla.1984)(questions of law which have been decided by the highest appellate court become the law of the case which except in extraordinary circumstances, must be followed in subsequent proceedings, both in the lower and appellate courts).
As a basis for his second point on appeal, the Former Husband argued the trial court erred by reducing his visitation from that provided in the Nineteenth Judicial Circuit's standard visitation order which the parties had operated under during the pendency of the proceedings, and instead adopting the Former Wife's suggested alternatives. The essence of the Former Husband's complaints were that in accordance with the standard visitation schedule he had six consecutive weeks of summer vacation and now he only has four. Additionally, the Former Husband contended that the court erred by adopting the Former Wife's suggestion for alternate spring breaks, when the standard visitation schedule provides that the non-custodial parent shall have visitation every spring break. Although we clearly laud the Former Husband's efforts to maintain a relationship with his sons in spite of the physical distance between them, we cannot say that the trial court abused its discretion in fashioning the visitation schedule, since there are facts in the record that support the award fashioned by the judge. See Keitel v. Keitel, 724 So.2d 1255, 1257 (Fla. 4th DCA 1999) (the creation of a visitation schedule is within the sound discretion of the trial court).
Specifically, the following facts support the trial court's decision to award the Former Husband four weeks of summer visitation with his sons, rather than six weeks. First, both parties testified that they wished to eliminate the Former Wife's visitation on the fourth weekend of the summer visitation. Additionally although the standard visitation schedule granted Former Husband visitation on alternate weekends during the month of August, there is evidence in the record that the Former Husband failed to exercise this visitation The Wife also testified that she would like to have a block of time to travel with the children in the summer. The Wife explained that due to the Husband's failure to fully exercise his visitation privileges in August and failure to notify the Wife in advance that he would do so, she has not had a block of time to travel with the children in the past four (4) years and has been unable to take advantage of this time. Further, the Husband testified that the children were only with him during the first few weeks of summer vacation and then went to camp for the remainder. There is also evidence in the record to support the trial court's decision to award visitation to the Husband on alternate spring breaks, rather than visitation every spring break. Although the standard visitation schedule does provide for visitation for the non-custodial parent during spring break, it does not provide for visitation during the Jewish holidays. The Husband was granted visitation during Rosh Hashanah and Yom Kippur each year and during Passover in the years it does not conflict with the wife's spring break or Easter, with additional visitation if the husband plans to celebrate these holidays out of town with the children.
Additionally, the Former Husband was awarded much of the visitation he requested: visitation on alternate weekends, allowing each parent to have part of Thanksgiving and Christmas rather than giving one parent custody in alternate years, visitation *131 on Father's Day and an extra hour of visitation on the children's birthdays as well as visitation during the Jewish holidays. Accordingly, although perhaps a close call, especially in light of the public policy to encourage close contact between children and the non-custodial parent, it appears that there are sufficient facts in the record to support a conclusion the trial court did not abuse its discretion, but correctly exercised its discretion to fashion visitation in a manner that would serve the best interest of the children. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)(judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, or where no reasonable man would take view adopted by trial court; however, if reasonable men could differ as to propriety of action taken by trial court, then it cannot be said that trial court abused its discretion).
As a basis for his third point on appeal, the Former Husband asserts the $545.00 per month attributable to health insurance coverage for the minor children should have been deducted from his child support obligation in the amount of $1252.00. As support the Former Husband cites Willey v. Willey, 703 So.2d 1234 (Fla. 4th DCA 1998)(reversing trial court's order modifying child support because it failed to deduct the father's payment of the child's health insurance from his support obligation). The Husband also references section 61.13(1)(b), Florida Statutes (1995), which provides as follows:
Each order for child support shall contain a provision for health insurance for the minor child when the insurance is reasonably available ... [T]he court shall apportion the cost of coverage to both parties by adding the cost to the basic obligation determined pursuant to s. 61.30(6).
Additionally, section 61.30(8), Florida Statutes, provides:
Health insurance costs resulting from coverage ordered pursuant to s.61.13(1)(b) shall be added to the basic obligation. After the health insurance costs are added to the basic obligation, any monies prepaid by the noncustodial parent for health insurance for the child or children to this action shall be deducted from that noncustodial parent's child support obligation for that child or those children.
While the Husband's recitation of the law is correct, we cannot consider this issue on appeal since it was not argued below or raised via a motion for rehearing. See Reddick v. Reddick, 728 So.2d 374, 376 (Fla. 5th DCA 1999)(declining to consider an unpreserved error that the trial judge relied upon an unsworn child support guidelines worksheet); Vaccaro v. Vaccaro, 677 So.2d 918 (Fla. 5th DCA 1996)(judgment that grants monetary relief in dissolution action may be vacated on appeal if party awarded relief failed to file a required financial affidavit, but only if appellant objected at trial to failure to file affidavit); Eagle v. Eagle, 632 So.2d 122 (Fla. 1st DCA 1994)(issue of whether trial court abused its discretion in declining to impute income to defendant, in child support proceeding, was not preserved for appellate review where no proffer of evidence warranting imputation was made). Finally, we are unpersuaded by the arguments raised in the remainder of the Former Husband's appeal and accordingly affirm the Amended Final Judgment of Dissolution of Marriage in all respects.
AFFIRMED.
WARNER and GROSS, JJ., concur.