ON MOTIONS FOR REHEARING, REHEARING EN BANC AND CLARIFICATION

PER CURIAM.
This cause is before us on appellee’s motions for rehearing, rehearing en banc, *696 and clarification. We deny the motion for rehearing en banc, but grant the motion for rehearing. Accordingly, we withdraw our former opinion of December 11, 2002 and substitute the following in lieu thereof.
This is an appeal from an amended qualified domestic relations order (Amended QDRO). We have previously approved the Hoffmans’ final judgment of dissolution of marriage. See Hoffman v. Hoffman, 793 So.2d 128 (Fla. 4th DCA 2001). Although we reject the Former Husband’s argument that the Second Amended QDRO granted Former Wife an impermissible post-judgment interest in his assets, we remand for further proceedings on this issue to determine whether any assets have been added to the account that may impact an appropriate distribution under the order.
The final judgment of dissolution awarded the Former Wife a specific dollar amount, based on the value of the IRA on the date of dissolution. The trial court has entered three QDROs in an attempt to divide this asset accordingly. The most recent, the Second Amended QDRO, gave the Former Wife in part 3.a., “One Hundred Ninety Three Thousand Two Hundred Fifty-five Dollars and Seventy-Five Cents ($193,255.75), which constitutes 30.22% of the existing account balance as of January 11, 2000, such amounts to be increased by the proportionate share of any account gains, interest, dividends and other earnings and reduced by the proportionate share of any account losses from January 11, 2000, through the date of distribution.”
Later, the order stated, “The Plan Administrator shall determine the total amount awarded to the Alternate Payee pursuant to paragraph 3.a. by allocating to her 30.22% of each asset in the account as of the close of business on the day prior to the date of distribution.” The order went on to state that the Plan Administrator shall roll over the said portion into a separate IRA account established for the Former Wife’s benefit.
A former spouse may not have an interest in the other spouse’s assets or earnings after the final judgment of dissolution. See DeSantis v. DeSantis, 714 So.2d 637, 638 (Fla. 4th DCA 1998). The Former Husband contends that the language giving the Wife any gains or losses amounts to an impermissible post-judgment interest. Further, he argues that the gains and losses language is not consistent with the final judgment because the final judgment divided the IRA into flat sums. We do not agree with either contention. The final judgment awarded the Wife a portion of a fluctuating asset with the value reflected in a dollar amount. She is entitled to the gains or losses that accrue on her portion of the asset due to market fluctuations. This does not amount to an impermissible post-judgment interest and it is not inconsistent with the final judgment. Such wording merely recognizes that an IRA is a fluctuating asset.
We express concern, however, that the wording of the second quoted portion would give the Wife 30.22 percent of the entire account at the time of distribution, including any assets added to the account between the judgment and the dissolution. The record does not reflect whether assets have been added to the account or not.
Therefore, we remand for the trial court to determine whether assets have been added to the account after January 11, 2000. If no assets have been added, then the order may be executed as is. If the trial court determines that assets have been added, it should clarify its order so that distribution will give the Wife the gains and losses which have accrued on her portion only.
*697 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
POLEN, C.J., GUNTHER and MAY, JJ., concur.