871 So.2d 1022 (2004)
Robert Grant CAMERON, Appellant,
v.
Carlene Evan DICKEY, n/k/a Carlene Evan Allen, Appellee.
No. 5D03-2037.
District Court of Appeal of Florida, Fifth District.
April 30, 2004.
Robert Grant Cameron, Daytona Beach, pro se.
No Appearance for Appellee.
GRIFFIN, J.
Appellant, Robert Grant Cameron, III, ["Cameron"], appeals the support and visitation provisions of the trial court's final judgment of paternity. Appellant is pro se on appeal. Construing his brief liberally, he raises four issues on appeal: (1) his attorney was negligent; (2) the trial court erred in setting the amount of child support; (3) the trial court abused its discretion in denying his motion for rehearing and not reconsidering the final judgment; and (4) the trial court erred in ordering supervised visitation.
On November 1, 2001, Cameron filed a petition to determine the paternity of his son, born March 25, 2001. Cameron requested that he be designated the primary residential parent because the mother had been unwilling to allow visitation, and that the court allow visitation from 8:00 p.m. Sunday to 8:00 p.m. Thursday because of his work schedule. Cameron filed a family law financial affidavit stating that he worked as a groundskeeper for a golf course, his rate of pay was $7.00 per hour, and his gross monthly wages were $1,200, with a net monthly income of $906.
In her answer, Carlene Evan Dickey, the child's mother, requested that the court designate her as primary residential parent and requested that Cameron's visitation with the infant be supervised, citing Cameron's use of illegal drugs and alcohol.
Because Cameron's appellate issues mostly involve questions of fact, we gave him the opportunity to supplement the appellate record with a transcript of the evidentiary hearing, but he has not done so. Without a record, we have no basis to reverse the trial court's findings. We can also say that his claims of attorney negligence are not cognizable on appeal, and the trial court's scheme of accelerating visitation is well within its discretion. The visitation schedule appears to represent a *1023 cautious but optimistic view of Cameron's ability to parent under difficult circumstances, including the mother's marriage. To his credit, Cameron has completed parenting classes and appears to want to be a positive influence in his son's life.
It does appear that the provision for child support contains a legal error on its face. The financial affidavit Cameron filed on April 29, 2003, stated that he was then employed by Daytona Auto Dealers and his pay rate was $7.00 per hour. His gross monthly salary was $1,120, with a net monthly income of $888.
The court found that:
The father's pay stub through March 30, 2003 reflects year-to-date gross wages of $6,304.55 (Exhibit 1), approximately 2,275.00 per month; his amended financial affidavit filed April 29, 2003 reflects gross wages of only $1,120.00 per month, a discrepancy that the father attributes to a back injury he suffered in March 2003. At the time of his amended affidavit, he was working "light duty" and only part-time. He voluntarily left Daytona Auto Auction in early May 2003. The father testified that he is able-bodied now, but he is not actively seeking full-time employment. He lives with his parents, and his monthly living expenses are quite nominal. He is capable of earning at his March level of $2,275.00 per month, and the court imputes the income to him as required by § 61.30(2)(b), Florida Statutes.
Cameron's total child support payment was ordered to be $436.25/month. The court also found that Cameron had not provided support since the couple had separated two months after the child was born and, therefore, awarded retroactive child support in the amount of $10,346.40.
As the trial court explained, the decision to impute income was based on Cameron's March 30, 2003, pay stub. The court then determined that retroactive support should be ordered and mathematical calculation confirms that it was the imputed income figure that was applied retroactively. Pursuant to section 61.30(17)(a), Florida Statutes, however, retroactive support is awardable according to the guidelines "subject to the obligor's demonstration of his or her actual income ... during the retroactive period." It is plain from the record, as well as from the trial court's own judgment, that Cameron's actual income during the retroactive period was different from the amount imputed. Retroactive support must be recalculated.
AFFIRMED in part; REVERSED in part; and REMANDED.
THOMPSON and PLEUS, JJ., concur.