911 So.2d 288 (2005)
Johnny Lee MARTINEZ, Appellant/Cross-Appellee,
v.
Bonita Kay MARTINEZ, Appellee/Cross-Appellant.
No. 2D04-2607.
District Court of Appeal of Florida, Second District.
September 30, 2005.
*289 Robert A. Tropp and Matthew E. Thatcher of The Solomon Tropp Law Group, P.A., Tampa, for Appellant/Cross-Appellee.
Allison M. Perry of Law Office of Allison M. Perry, P.A., Tampa, for Appellee/Cross-Appellant.
ALTENBERND, Judge.
Johnny Lee Martinez appeals and Bonita Kay Martinez cross-appeals a final judgment of dissolution of marriage. We find merit in only two issues raised by Ms. Martinez and conceded by Mr. Martinez. We affirm the final judgment in all other respects.
This couple was married for twenty-three years before Mr. Martinez filed for divorce in 1997. The trial court's task was complicated by the couple's decision to delay a final hearing on the matter until 2003. The final judgment was not entered until May 2004. When the couple separated, they had four minor children. Only one child was still a minor when the judgment was entered, and that child will soon be an adult.
The trial court awarded Ms. Martinez permanent alimony in the amount of $2000 per month. The trial court then calculated the couple's respective child support obligations, using $3156 as Ms. Martinez's net income. This amount includes the award of permanent alimony, but it fails to reduce the amount to reflect the income taxes that she must pay on this alimony. Mr. Martinez concedes that this calculation is erroneous. On remand, the couple's respective child support obligations must be recalculated to reflect the amount her income will be reduced by federal income taxes paid on the alimony award. See § 61.30(3)(a), Fla. Stat. (2003); Weiser v. Weiser, 782 So.2d 986 (Fla. 4th DCA 2001).
Ms. Martinez also argues that the trial court erred in requiring the couple to equally share the child's uncovered medical expenses. Section 61.30(8), Florida Statutes (2003), provides that the court shall add uncovered medical expenses to the basic child support obligation unless these expenses "have been ordered to be separately paid on a percentage basis." The record reflects that these expenses were not included in the basic child support amount. Because they were ordered separately, these expenses should have been awarded based on the parties' respective incomes. See Cooper v. Cooper, 760 So.2d 1048, 1050 (Fla. 2d DCA 2000) (holding that uncovered medical expenses of children must be paid by either or both parties based on a factual determination of *290 each party's ability to pay); see also Forrest v. Ron, 821 So.2d 1163, 1167 (Fla. 3d DCA 2002).
Mr. Martinez's income is significantly higher than Ms. Martinez's. On remand, after the trial court recalculates the child support obligations, it should determine each party's ability to pay the uncovered medical expenses and order payment based on the same percentage as the parties' income.
Affirmed in part, reversed in part, and remanded with directions.
CASANUEVA and SILBERMAN, JJ., Concur.