914 So.2d 1110 (2005)
Ray WALLS, Appellant,
v.
Yvonne SEBASTIAN, Appellee.
No. 4D04-1692.
District Court of Appeal of Florida, Fourth District.
November 30, 2005.
Irene Annunziata of The Law Office of Irene Annunziata, P.A., Fort Lauderdale, for appellant.
Paula Revene of Paula Revene, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Except as reflected in this opinion, we affirm the order on the former wife's modification petition entered on April 8, 2004 and the attorney's fee order entered on April 23, 2004. We write to briefly address several issues.
Former husband complains that the trial court failed to deduct from his child support obligation the cost of the health insurance for the minor children. For authority, the former husband cites section 61.30(8), Florida Statutes (2004) and Willey v. Willey, 703 So.2d 1234 (Fla. 4th DCA 1998). In Willey, this court reversed the trial court's order modifying child support because of its failure to deduct *1111 the former husband's payment of the child's health insurance premium from his support obligation. Id.
However, former husband failed to address this issue at the hearing on modification; nor did he raise the issue in a motion for rehearing. In Hoffman v. Hoffman, 793 So.2d 128, 131 (Fla. 4th DCA 2001), we confronted the same legal issue under the same factual scenario and held that we could not "consider this issue on appeal since it was not argued below or raised via a motion for rehearing." Hoffman controls and we do not reach the issue here.
To correct a mathematical error, we reverse that portion of the order concerning the amount of the children's unpaid medical bills which the former husband owes to the former wife. The court assessed $2,199.10 against former husband for his half of the uncovered medical expenses, when it should have been $1,910.55. On remand, the trial court shall correct the $288.55 overcharge.
As the former wife observes in her brief, the "former Husband takes the somewhat unusual position of seeking reversal of the modification of his timesharing [with the children], even though it actually benefits him by providing more visitation with his children tha[n] he was given under the Final Judgment." Nonetheless, the former husband challenges the trial court's sua sponte modification of his visitation schedule. In the modification proceeding, neither party requested a change in the timesharing arrangement. A trial court lacks jurisdiction to enter a judgment on an issue not raised by the pleadings. See Fuchs v. Fuchs, 840 So.2d 449 (Fla. 4th DCA 2003); Todaro v. Todaro, 704 So.2d 138 (Fla. 4th DCA 1997). On remand, the trial court shall reinstate the original timesharing arrangement.
Affirmed in part, reversed in part, and remanded.
STONE, GROSS and HAZOURI, JJ., concur.