926 So.2d 467 (2006)
Michael W. ALICH, Appellant,
v.
Kara CLAPP, Appellee.
No. 4D05-237.
District Court of Appeal of Florida, Fourth District.
April 19, 2006.
*468 Michael W. Alich, Wellington, pro se.
Michael R. Hanrahan, West Palm Beach, for appellee.
REYES, ISRAEL U., Associate Judge.
The first issue for us to consider is whether the trial court erred in striking the father's pleadings. Although it is a very harsh sanction, it was within the trial court's discretion to strike the father's pleadings. Hoffman v. Hoffman, 718 So.2d 371 (Fla. 4th DCA 1998). It was also within the court's discretion to deny the father the ability to present evidence on testimony at the trial with respect to financial issues. Id. Therefore, on this issue we affirm.
Next, the father is correct that the trial court erred in imputing income to him for purposes of determining his child support obligation. The trial court's determination was not supported by competent, substantial evidence. See Schram v. Schram, No. 4D04-1622, ___ So.2d ___, 2005 WL 2138747 (Fla. 4th DCA Sept.7, 2005). The trial court may only impute a level of income supported by the evidence of employment potential and probable earnings based on history, qualifications, and prevailing wages. Konsoulas v. Konsoulas, 904 So.2d 440, 443 (Fla. 4th DCA 2005). It is error to rely on outdated income figures when determining what level of income to impute to a parent. See § 61.30(2)(b), Fla. Stat. (2001); Wendel v. Wendel, 852 So.2d 277, 284 (Fla. 2d DCA 2003); see also Mitchell v. Mitchell, 841 So.2d 564, 569 (Fla. 2d DCA 2003). There was no evidence or findings as to the father's earning potential, source of imputed and actual income, and adjusted income. On this issue, we reverse and remand for the court to make appropriate findings.
Because the trial court erred in imputing income to the father, the trial court also erred in determining that the father had the superior ability to pay seventy percent of the unreimbursed medical expenses. See Wilkinson v. Wilkinson, 714 So.2d 524 (Fla. 5th DCA 1998). On remand, the trial court should reconsider the obligation to pay unreimbursed medical expenses based on the parties' current incomes. See Martinez v. Martinez, 911 So.2d 288, 289 (Fla. 2d DCA 2005); Cooper v. Cooper, 760 So.2d 1048, 1050 (Fla. 2d DCA 2000).
Finally, as to the issue of visitation, we reverse and remand with directions that a visitation schedule be implemented in keeping with the standard visitation schedule utilized by the courts. No findings *469 were made that the welfare of the child was affected by visitation with the father or that there was a need to protect the child. See Damiani v. Damiani, 835 So.2d 1168, 1169 (Fla. 4th DCA 2002) (the privilege of visiting the minor children of the parties to a divorce proceeding should never be denied either parent so long as the parents conduct themselves in a manner which will not adversely affect the morals or welfare of such children).
Accordingly, after the trial court recalculates the parties' incomes and child support obligations, it should determine each party's ability to pay the unreimbursed medical expenses and order payment based on the same percentage as the parties' incomes.
Affirmed in Part, Reversed in Part, and Remanded with Directions.
STONE and KLEIN, JJ., concur.