943 So.2d 890 (2006)
Jack F. KAREFF, Appellant,
v.
Mary P. KAREFF, Appellee.
No. 4D05-4098.
District Court of Appeal of Florida, Fourth District.
November 29, 2006.
*891 Louis L. Williams of Williams & Heffling, West Palm Beach, and Kimberly L. Boldt of Boldt Law Firm, Boca Raton, for appellant.
Joel H. Feldman of Feldman & Schneiderman, PL, and Jeanne C. Brady of Brady & Brady, P.A., Boca Raton, for appellee.
POLEN, J.
The former husband appeals from a September 14, 2005 final judgment of dissolution of marriage. We reverse and remand for reconsideration of child support.
Appellant Jack Kareff ("husband") and appellee Mary Kareff ("wife") were married on January 23, 1990 and lived together as husband and wife until their final separation in August 2004. They have two minor children by the marriage. Wife's daughter from a previous marriage is a nineteen-year-old college student. Husband and wife raised her since she was *892 three years old. Husband is an emergency physician. Wife, although a licensed nurse, has been a stay-at-home mom since their two minor children were born.

Child Support
In his first point on appeal, husband argues that the trial court erred in computing his child support obligation under section 61.30, Florida Statutes (2006). Wife properly concedes that there was a mathematical error in the court's computation. We therefore reverse and remand to the trial court for recalculation of husband's monthly child support obligation. "A child support determination is within the sound discretion of the trial court, subject to the statutory guidelines and the reasonableness test. . . . Section 61.30(9), Florida Statutes, provides the statutory formula which must be used to determine each parent's actual dollar share." Ondrejack v. Ondrejack, 839 So.2d 867, 871 (Fla. 4th DCA 2003) (citing Stanton v. Stanton, 648 So.2d 1233, 1234 (Fla. 4th DCA 1995)). Whether a trial court's mathematical computations are correct is a question of law which is reviewed de novo. Cameron v. Dickey, 871 So.2d 1022, 1023 (Fla. 5th DCA 2004).
In determining child support, the trial court calculated a parental net income of $33,000 per month. The court then found that the child support obligation for two children based on this net income figure was $7,685, of which husband's share was 66.6 percent, or $5,118 a month.
The trial court's calculation of child support obligation is, however, at odds with the guideline amount. Section 61.30 provides that for a combined monthly available income greater than $10,000, the child support obligation shall be the minimum amount of support provided by the guidelines, plus the amount of income over $10,000 multiplied by a statutorily delineated percentage. § 61.30(6), Fla. Stat. (2006). The guideline amount of prescriptive child support in this case would be $2,228 + ($23,000 × 7.5%) = $3,953, rather than the $7,685 calculated by the trial court. See Id. Husband's 66.6 percent share would therefore be $2,633 a month, rather than the court ordered $5,118.
Wife argues that the trial court's child support award is presumptively correct because Section 61.30(1)(a) allows trial courts to adjust support awards and deviate from the guidelines by more than five percent. See Fla. Stat. 61.30(1)(a) (2006). In furtherance of this argument, wife contends that the trial court deviated from the guideline amount in order to cover the "significant educational and other requirements" of the children. However, the child support award was not inclusive of the children's educational, medical and insurance expenses. The court ordered husband to pay those obligations under separate and distinct paragraphs in the final judgment. They therefore were not factored into the trial court's child support calculations.
Due to the difference between the guideline amount of prescriptive child support and that determined by the trial court, as well as the lack of written findings explaining such deviation, we reverse and remand to the trial court for recalculation. If on remand the court awards wife child support which varies by more than five percent from the guideline amount, the court must provide written findings explaining why ordering payment of the guideline amount would be unjust or inappropriate. See § 61.30(1)(a), Fla. Stat. (2006).

Alimony
Because we reverse and remand to reconsider child support, and because there appears to be some confusion between the trial court's alimony determination and its pronouncements regarding wife's financial *893 needs, the trial court shall also reconsider the award of permanent periodic alimony to wife.
"The standard of review with respect to the award of alimony is whether the trial judge abused his discretion and the test is whether any reasonable person would take the view adopted by the trial judge." Vandergriff v. Vandergriff, 456 So.2d 464, 466 (Fla.1984) (citing Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla.1980)). "If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." Canakaris, 382 So.2d at 1203.
At trial, wife sought permanent periodic alimony of $15,000 per month. Her accountant testified that wife's monthly expenses were $13,548. The discrepancy between this figure and the court-awarded $14,000 may at first glance appear reasonable in light of the taxes that will be levied on wife's alimony award. However, the amount awarded is difficult to reconcile with the trial court's findings regarding the reliability of wife's evidence. The court stated that wife's presentation as to the amount of her lifestyle needs was "not convincing." It noted that wife and her forensic accountant overestimated wife's financial needs by basing their analyses on a period of time when husband lived at home with her, their two children and wife's daughter from a previous marriage. The court also found that neither wife nor her accountant could substantiate many of the expenses she claimed were her needs alone. It is therefore peculiar that wife would be awarded permanent periodic alimony in an amount greater than that supported by her apparently unreliable evidence. This is particularly true given the testimony of husband's accountant, in which the accountant stated that wife's monthly expenses were only $9,166. Based on the foregoing, we direct that the trial court reconsider the award on remand.

Exclusive Use and Possession of the Marital Home
We find no reversible error or abuse of discretion as regards the trial court's award to wife of exclusive use and possession of the marital home, so we affirm on this issue.
Reversed.
MAY, J., concurs.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
I agree with the majority opinion. I am writing to address a preservation issue. Appellee has argued that the appellant is precluded from raising the issue involving the miscalculation of child support because appellant failed to raise the error in a motion for rehearing at the trial level, citing Hoffman v. Hoffman, 793 So.2d 128 (Fla. 4th DCA 2001).
In Hoffman, the husband argued on appeal that the $545 a month he was paying for health insurance was not considered by the trial court in calculating child support. We declined to review the issue because it "was not argued below or raised via a motion for rehearing." Id. at 131. I am unable to determine from our opinion in Hoffman whether there was evidence in the record that the former husband was paying $545 a month in health insurance. If there was no evidence, then our refusal to consider the issue on appeal was correct. If there was evidence, however, we should have addressed Florida Rule of Civil Procedure 1.530(e).
Under rule 1.530(e), the sufficiency of the evidence to support the judgment in a *894 nonjury case may be raised on appeal "whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing." Rule 1.530(e) enables appellate courts to correct miscalculations of child support in family law cases, where there is evidence from which the correct calculation could have been made, and a party has neglected to move for rehearing. I use the word "neglect" deliberately because the delay, expense, and waste of judicial resources in using an appeal to correct such a mistake, when a motion for rehearing would have sufficed, is inexcusable.