POLEN, J.
 

 Appellant, Ricardo Segnini, appeals the trial court’s order modifying his child support obligation. This court has jurisdiction. Fla.R.App.P. 9.030(b)(1)(A).
 

 Appellant, Ricardo Segnini (father), and Appellee, Maria Segnini (mother), were divorced by final judgment in August 2003. The final judgment incorporated the Amended Separation and Property Settlement Agreement between the parties in which mother was designated the primary residential parent of the couple’s minor child. The Agreement stipulated that father would pay child support in the amount of $1120.00 per month. In addition, father was required to pay $227.50 monthly for tutoring and to pay for the child’s health and dental insurance costs.
 

 On March 9, 2007, father filed a supplemental petition for modification of child support stating that he had lost his job on February 23, 2007 and was currently unemployed. Father requested an abatement of his support obligation or a modification.
 

 At the hearing on father’s petition for modification, father testified that since July 2007, he worked as an independent contractor leasing a vehicle from a concession at the Fort Lauderdale Airport and transporting people to and from the airport. The leased vehicle was father’s only vehicle.
 

 Father testified that he had not paid child support since February 2007 except for one $325 payment made shortly before the hearing. Father stated that he worked roughly eighty hours a week, that from his gross income, he paid for his car lease and for his gas, that his net income was about $400 per week, and that he was paid in cash by the customers.
 

 Before losing his job in February 2007, father had worked as a program manager earning $64,500 annually. Father had a degree in computer science. Father testified that he had received a $6000 tax refund and unemployment benefits in 2007 but had not given any money to mother. Father had “visited some companies” to try to find a job in his field, but never applied with an employment agency. Father had no bank documents or other official papers demonstrating what he earned as a driver.
 

 On the first page of his financial affidavit, father listed his “rate of pay” as “$6,454.08/Month less lease payments on vehicle for job = (-3,464.00).” Father listed his gross earned income for 2007 as $49,806.90 and his net income as $40,006.90.
 
 [1]
 
 Finally, father listed his net monthly income as $2,022.08.
 

 Mother’s financial affidavit listed $2,840.00 as her monthly gross income. Mother testified that she paid $100 per month for the child’s tutoring and $128 per month for the child’s health insurance.
 

 The trial court granted father’s petition for modification of child support reducing his monthly support obligation to $922.00. The court found that father’s gross monthly income was $6,454.80 and that the only allowable deductions were for taxes. The court explained that the lease payment for father’s car was not an allowable above the line deduction for child support purposes. The court found that father owed mother
 
 *190
 
 $13,115 in accrued child support payable in $200 per month installments to be added to the modified child support payment. Father stated he had no objection to the $200 additional per month because that was money he owed. Finally, the court determined that the cost of the child’s tutoring would be split between father and mother in proportion to their child support obligation. Father now timely appeals.
 

 Father argues, in part, that the trial court erred in calculating the modified child support payment because it miscalculated his gross and net monthly income by using the gross monthly receipts from father’s business as his gross monthly income. We write only to address this point as we are unpersuaded by father’s other argument on appeal.
 

 A child support obligation is within the discretion of the trial court but is subject to the statutory requirements and the reasonableness test.
 
 Kareff v. Kareff,
 
 943 So.2d 890, 892 (Fla. 4th DCA 2006). Section 61.30(2)(a)(3), Florida Statutes, provides that gross income shall include:
 

 Business income from sources such as self-employment, partnership, close corporations, and independent contracts. “Business income” means gross receipts minus ordinary and necessary expenses required to produce income.
 

 Father indicated on his financial affidavit and testified during the hearing that his gross monthly income was $6,454.08 less the monthly lease payment on his Lincoln Town Car which was a business vehicle used to transport his customers to and from the airport. The trial court misapplied the statute by failing to deduct father’s monthly lease payments and other ordinary and necessary business expenses such as insurance and fuel from his gross business receipts in calculating father’s gross monthly income.
 

 Reversed and remanded for proceedings consistent ivith this opinion.
 

 HAZOURI and CIKLIN, JJ., concur.
 

 [1]
 

 . For the first two months of 2007, father was still employed earning $64,500 annually.