PER CURIAM.
Appellant appeals an amended downward modification order concerning his child support obligation, raising five issues. We reverse in part and remand for further proceedings consistent with this opinion.

Background

In 2008, Appellant’s marriage to Appel-lee was dissolved. The parties had one minor child. The amended final judgment adopted the marital settlement agreement entered into by the parties and awarded Appellee $869.58 in monthly child support. The lower court later entered an arrearage order, finding that, as of August 26, 2010, Appellant was in arrears in child support payments in the amount of $11,774.12 plus interest. The court ordered Appellant to make his monthly child support payment and, commencing on September 22, 2010, ordered Appellant to pay $25.17 in arrear-age payments, continuing monthly until the total arrearage was eliminated.
The Department of Revenue (DOR), on behalf of Appellant, filed a supplemental petition for downward modification, alleging a substantial change in circumstance. At the child support modification hearing, Appellee’s counsel admitted that Appellant’s child support obligation would adjust downward, but noted that Appellee was requesting an upward departure from the guideline minimum amount based upon the evidence, and also that Appellee was requesting the support obligation be extended beyond the child’s high school graduation date, because of the child’s alleged developmental disabilities.
In presenting its case, DOR’s counsel called both Appellant and Appellee to testify. Appellant testified to his income and also admitted that he had not exercised his right to overnight visitation with the child *1263 since 2008. Appellee also testified as to her income, including income from her bartending business. Appellee acknowledged that she had not listed a monthly income from the business on her financial affidavit, but asserted that she had not known the amount of monthly income until she prepared a document for her accountant for tax returns. She was questioned extensively by DOR’s counsel regarding her business income based upon this document. Upon questioning by her own counsel, Appellee asserted that this document reflected a net income of $55.46 in 2018 for her business. DOR’s counsel objected to the document being admitted into evidence because it was a compilation of records. The lower court sustained the objection and clarified that its reasoning for sustaining the objection was based upon the fact that the amount of money being discussed was minimal and would not have an overwhelming bearing on the calculations.
A DOR representative testified that, at the time of the hearing, the current ar-rearage per the Clerk of Court was $6,230.47, not including interest. DOR’s counsel submitted its child support guidelines worksheet, asserting that based on its calculations, the downward departure was $376 per month, and asked that the modification be granted retroactive to when Appellant’s supplemental petition was filed on November 6, 2013. ' DOR’s counsel asserted that its calculation did not take timesharing into consideration, because Appellant admitted that he had been unable to exercise his overnight visitations. Appellee’s counsel submitted her guidelines worksheet. The court, noting a substantial difference between the two calculations, stated it would make a decision after reviewing the documents and hearing closing arguments. Appellee’s counsel requested the opportunity to put on his client’s case, but the lower court declined to allow further evidence.
The court stated that it was granting a downward modification of $400 per month, stating that the figure it came up with was the best that it could from an equitable and subjective standpoint, not from a mathematical standpoint. Additionally, as part of its discretion, the court granted Appellee’s request to increase the amount by 5%. The court also added a $65 monthly addition to the child support. The court also awarded a breakdown of the uncovered medical expenses to be borne by Appellant in the amount of 43% and by Ap-.pellee in the amount of 57%. The court also extended Appellant’s child support obligation for two and a half years beyond the child’s high school graduation date.
The court entered its order granting the downward modification, establishing the child support guidelines amount to be $400 per month, based on the child support guidelines provided by both DOR and Ap-pellee’s attorney. The order notes that the amount was then deviated upward by 5% at the court’s discretion, resulting in a total of $420 per month. The court then increased this amount by an additional $65 per month due to the child’s extraordinary medical expenses, resulting in a total obligation of $485 per month. The order found that as of January 16, 2014, Appellant owed $6,230.47 in arrearages, but found that he was entitled to a credit of $779.66 in retroactive modified support from November 6, 2013 through January 21, 2014, resulting in Appellant’s total ar-rearages of $5,450.81. The court ordered Appellant to pay $115 per month until this amount was eliminated. Appellant was also ordered to pay 43% of the child’s reasonable and necessary health expenses incurred that were not covered by insurance. The order also required Appellant to provide health insurance for the minor child.

*1264
Analysis

Appellant first asserts that the lower court erred in awarding child support based upon what it deemed equitable and on a subjective figure instead of calculating the amount based upon the statutory guidelines and factors. We note that, as a separate issue in this appeal, Appellant also asserts that the lower court erred in calculating the child support by failing to include Appellee’s additional income from her business. We find that these two issues are intertwined and reversal is appropriate as to both.
“Child support decisions are typically discretionary.” Finney v. Finney, 995 So.2d 579, 581 (Fla. 1st DCA 2008) (citing Glasgow v. Wolfe, 873 So.2d 483, 484 (Fla. 1st DCA 2004)). “However, a trial court’s discretion concerning child support is subject to the statutory guidelines set forth in section 61.30, Florida Statutes.” Id. (citing Kareff v. Kareff, 943 So.2d 890, 892 (Fla. 4th DCA 2006)). ‘Whether a trial court has complied with the guidelines is a question of law to be reviewed de novo.” Id.
Section 61.30, Florida Statutes (2013), provides the starting point for determining the child support amount in both an initial proceeding and a modification proceeding. Pursuant to the statute, “[t]he child support guideline amount determined by this section presumptively establishes the amount the trier of fact shall order as child support ... in a proceeding for modification of an existing order for such support, whether the proceeding arises under this or another chapter.” § 61.30(l)(a), Fla. Stat. (2013).
In determining child support, a trial court is required to first determine each parent’s gross monthly income. See § 61.30(2), Fla. Stat. (2013). Gross income includes:
Business income from sources such as self-employment, partnership, close corporations, and independent contracts. “Business income” means gross receipts minus ordinary and necessary expenses required to produce income.
See § 61.30(2)(a)3., Fla. Stat. (2013). After calculating the gross income, a trial court must determine each parent’s net income by subtracting the statutorily-specified allowable deductions from the parent’s gross monthly income. See § 61.30(3)(a)-(g), Fla. Stat. (2013); § 61.30(4), Fla. Stat. (2013). The trial court must then determine the parents’ combined monthly net income. See § 61.30(5), Fla. Stat. (2013). Next, a trial court must determine the child support needed by utilizing the statutorily-provided schedules. See § 61.30(6), Fla. Stat. (2013). Then a trial court must determine each parent’s percentage share of the child support needed by dividing each parent’s monthly net income by the combined monthly net income. See § 61.30(9), Fla. Stat. (2013). Finally, a trial court must determine each parent’s dollar share of the child support needed by multiplying the minimum child support needed by each parent’s percentage share. See § 61.30(10), Fla. Stat. (2013).
As held by the Florida Supreme Court in Finley v. Scott, 707 So.2d 1112, 1117 (Fla.1998):
To assist trial courts in making this fact-intensive decision in future cases, we expressly point out that a trial court is to begin its determination of child support by accepting the statutorily mandated guideline as the correct amount. The court is then to evaluate from the record the statutory criteria of the needs of the child, including age, station in life, and standard of living, the financial status and ability of each parent, and any other relevant factors. If the trial court *1265 then concludes that the guideline amount would be unjust or inappropriate and also determines that the child support amount should vary plus or minus five percent from the guideline amount, the trial court must explain in writing or announce a specific finding on the record as to the statutory factors supporting the varied amount. Absent an abuse of discretion as to the amount of the variance, the trial court’s determination will not be disturbed on appeal if the calculation begins with the guideline amount and the variation is based upon the statutory factors.
(Emphasis supplied.)
Here, the hearing transcript reflects that the lower court failed to start with a calculation as to the child support guidelines amount. Instead, the lower court made clear that the $400 figure was not based on the mathematical calculation required by the guidelines, but was based on an equitable and subjective standpoint. The lower court also failed to take into account Appellee’s gross income from her bartending business, even if this was a nominal amount. Accordingly, we reverse and remand for the lower court to make a determination as to the downward modification of child support awarded based upon an application of section 61.30, Florida Statutes. On remand, the court may receive any additional evidence it deems necessary for the proper resolution of this issue.
With respect to the child 'support modification, Appellant also alleges that the lower court erred in increasing the child support award by $65 per month due to the child’s extraordinary medical expenses. On appeal, Appellee asserts that she never stated that there were “extraordinary medical expenses” involved in the care of their son. Accordingly, we reverse this portion of the order awarding $65 per month. We note that this does not change the portion of the order concluding that Appellant is. responsible for 43% of the child’s reasonable and necessary health expenses not covered by insurance, which has not been challenged on appeal.
Appellant also asserts that the amended downward modification order was erroneous, as it required that he provide health insurance for the child. Appel-lee concedes that this portion of the order was erroneous, as she has paid for the child’s health insurance since his birth and will continue to do so until she is unable. This concession was proper. We reverse and remand for the amended order to be corrected based upon this concession. With respect to the two other issues raised by Appellant on appeal, we affirm without comment.
Finally, we note that Appellant requested attorney’s fees within a paragraph contained in his amended initial brief. Attorney’s fees must be requested by filing a separate motion. See Fla. R. App. P. 9.400(b); see also McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Ass’n, 758 So.2d 692, 696 (Fla. 4th DCA 1999). Accordingly, Appellant’s request for attorney’s fees is denied.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF, THOMAS, and WETHERELL, JJ., concur.