NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

YANELKIS LEYVA MOREJON,                )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D16-4465
                                       )
DEPARTMENT OF REVENUE and              )
LUIS ENRIQUE HERRERA,                  )
                                       )
          Appellees.                   )
_____)

Opinion filed August 30, 2017.

Appeal from the Department of Revenue.

Neil Morales of Law Offices of Neil Morales,
P.A., Naples, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Toni C. Bernstein, Senior
Assistant Attorney General, Tallahassee,
for Appellee Department of Revenue.

No appearance for Appellee Luis Enrique
Herrera.


CASANUEVA, Judge.

          Yanelkis Morejon, the mother, appeals a final administrative support order

obligating Luis Herrera, the father, to pay $400 per month in child support for their two

minor children.[1] Ms. Morejon argues that she never received notice of the hearing and that the administrative law judge erred by determining the amount of child support based on an agreement rather than the statutory child support guidelines. Accordingly, she contends that the support order must be reversed.

The Department of Revenue concedes that the record does not establish that Ms. Morejon received notice of the hearing. The Department further concedes that the support order is not supported by competent, substantial evidence and lacks the statutory findings required by section 61.30, Florida Statutes (2016). See § 61.30(1)(a) ("The child support guideline amount as determined by this section presumptively establishes the amount the trier of fact shall order as child support in an initial proceeding for such support . . . ."); Ervin v. Fla. Dep't of Revenue, 152 So. 3d 1261, 1264-65 (Fla. 1st DCA 2014); Finney v. Finney, 995 So. 2d 579, 581-82 (Fla. 1st DCA 2008).

Consistent with the Department's proper concession of error, we conclude that reversal is required. See Todd v. Guillaume-Todd, 972 So. 2d 1003, 1007 (Fla. 4th DCA 2008) (concluding reversal was required where the final judgment failed to include "any findings as to the net income of each party as a starting point for calculating child support or explaining how the calculation was performed"). We reverse the support order and remand this matter for further administrative proceedings after proper notice, with the assistance of an interpreter if necessary.

Reversed and remanded for further proceedings.

KHOUZAM and BADALAMENTI, JJ., Concur.

---

[1]There is no appearance by the father.