IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AIXA LEBRON CRESPO,

      Appellant,

v.                                Case No. 5D17-315

RUBEN A. LEBRON,

      Appellee.

_____/

Opinion filed March 29, 2018

Appeal from the Circuit Court
for Orange County,
Mike Murphy, Judge.

Michelle P. Smith, of Law Office of Michelle
P. Smith, P.A., Orlando, for Appellant.

Harold Deon Thompson, of DeNovo Law,
P.A., Orlando, for Appellee.

PER CURIAM.

Former Wife appeals a final judgment determining child support and a child support arrearage. At trial, the parties presented evidence that Former Husband has several sources of income, including a Federal Bureau of Prisons salary, rental income, and Veterans Administration living expense reimbursement and disability benefits. There was also evidence that Former Husband owns and operates a batting cage business, which he testified actually lost money during the relevant time period. As a result, he argued

that these business losses should be subtracted from his other sources of income when calculating his total gross income. However, Former Husband testified in conclusory fashion, and did not establish the business losses by competent, substantial evidence. *See* § 61.30(2)(a)3, Fla. Stat. (2014) (defining "business income" as "gross receipts minus ordinary and necessary expenses required to produce income"). Even still, it appears that the trial court included some amount of business losses when calculating Former Husband's total income. We therefore reverse and remand with instructions for the trial court to recalculate child support and the child support arrearage without subtracting business losses from Former Husband's other sources of income.

REVERSED and REMANDED.

PALMER, TORPY and EISNAUGLE, JJ., concur.