DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSHUA ADAM KING,**
Appellant,

v.

**CANDACE DAWN KING,**
Appellee.

No. 4D20-0169

[March 31, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312018DR001393.

Amy D. Shield and Roger Levine of Shield & Levine, P.A., Boca Raton, for appellant.

Dave Krupski of Dave Krupski, Esq., PLLC, Ponte Vedra Beach, for appellee.

KLINGENSMITH, J.

Joshua Adam King, the Father, seeks review of the trial court's final judgment dissolving his marriage to Candance Dawn King, the Mother. We reverse and remand the portion of the final judgment of dissolution awarding child support to the Mother because the trial court made a mathematical error in computing the award. We affirm on all other issues without further comment.

"A child support determination is within the sound discretion of the trial court, subject to the statutory guidelines and the reasonableness test." *Ondrejack v. Ondrejack*, 839 So. 2d 867, 871 (Fla. 4th DCA 2003). However, "[w]hether a trial court's mathematical computations are correct is a question of law which is reviewed *de novo*." *Kareff v. Kareff*, 943 So. 2d 890, 892 (Fla. 4th DCA 2006).

"Section 61.30(9), Florida Statutes, provides the statutory formula which *must* be used to determine each parent's actual dollar share." *Ondrejack*, 839 So. 2d at 871. The child support guidelines first call for the trial court to calculate each parent's gross monthly income. *See Ervin v. Fla. Dep't of Revenue*, 152 So. 3d 1261, 1264 (Fla. 1st DCA 2014). The court must then determine each parent's net monthly income by subtracting the statutorily specified deductions from their gross monthly income. *See id.* These deductions include

"[f]ederal, state, and local income tax deductions," among others. § 61.30(3)(a), Fla. Stat. (2018). After the court determines the parties combined monthly net income, it "then calculates each party's percentage share of the child support need by dividing their net monthly income by the combined net monthly income." *Wilcox v. Munoz*, 35 So. 3d 136, 139 (Fla. 2d DCA 2010).

Here, the trial court mistakenly added the parties' tax obligations to their gross monthly income instead of subtracting it. Since the trial court was required by statute to consider the parties' net monthly income, it erred by using an amount higher than their gross monthly income. *See McKenzie v. McKenzie*, 254 So. 3d 993, 995 (Fla. 4th DCA 2018).

Based on the foregoing, we reverse the trial court's determination as to the child support award and remand with instructions for the court to recalculate that amount based on the parties' net monthly income.

*Affirmed in part; reversed in part and remanded with instructions.*

LEVINE, C.J., and CIKLIN, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**