# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-1818
LT Case No. 2020-DR-000293

———————————————

JAMIE HUNTER,

    Appellant,

    v.

KENNETH W. HUNTER, JR.,
PREMIER HOMES of NORTH
FLORIDA, INC., and 2834
INVESTMENTS, LLC,

    Appellees.

———————————————

On appeal from the Circuit Court for Nassau County.
Lester Bernard Bass, Judge.

Stephanie A. Sussman and Katherine B. Johnson, of Sussman,
Johnson & Alvarez Family Law, Jacksonville, for Appellant.

Rebecca Bowen Creed and Dimitrios A. Peteves, of Creed &
Gowdy, P.A., Jacksonville, and Homer A.C. Bliss, of Homer A.C.
Bliss, P.A., Jacksonville, for Appellee, Kenneth W. Hunter, Jr.

Herbert T. Sussman, of Boyer, Tanzler & Sussman, P.A.,
Jacksonville, for Appellees, Premier Homes of North Florida, Inc.
and 2834 Investments, LLC.

March 28, 2025

PER CURIAM.

Appellant, Jamie M. Hunter ("Former Wife"), raises several issues regarding certain orders entered in the marital dissolution proceeding involving Appellee, Kenneth W. Hunter, Jr. ("Former Husband"). We affirm the trial court's rulings without need for discussion as to all issues except one. The trial court erred when it utilized Former Wife's gross income, rather than net income, in calculating the parties' child support obligations; accordingly, we reverse as to that issue and remand for further proceedings.

"A child support determination is within the sound discretion of the trial court, subject to the statutory guidelines and the reasonableness test." *Ondrejack v. Ondrejack*, 839 So. 2d 867, 871 (Fla. 4th DCA 2003). It is an abuse of discretion to utilize gross rather than net income. *Marini v. Kellett*, 279 So. 3d 248, 253–54 (Fla. 5th DCA 2019). The trial court's findings with regard to the parties' incomes must be supported by competent substantial evidence. *Pukin v. Pukin*, 365 So. 3d 493, 496 (Fla. 6th DCA 2023); *Crespo v. Lebron*, 240 So. 3d 888, 889 (Fla. 5th DCA 2018). "Whether a trial court's mathematical computations are correct is a question of law which is reviewed de novo." *Kareff v. Kareff*, 943 So. 2d 890, 892 (Fla. 4th DCA 2006). The trial court in the case at hand concluded that the parties had essentially equal annual incomes of approximately $60,000; thus, neither was entitled to child support. That conclusion is challenged by Former Wife.

Section 61.30, Florida Statutes (2022), sets forth the child support guidelines to be applied in Florida and the manner in which the court is to determine the parties' respective net incomes for purposes of computing child support obligations. *See* § 61.30(2)–(4), Fla. Stat. Specifically, section 61.30(2)(a)3. provides that a party's gross income shall include "[b]usiness income from sources such as self-employment" with business income being defined as "gross receipts minus ordinary and necessary expenses required to produce income."

Former Wife testified that she is a self-employed cosmetologist/hairdresser who rents a booth at a salon and pays for her supplies and license. On her 2019 tax return, she reported gross annual receipts of $62,287 with business expenses of

$21,408, for an annual gross income totaling $40,879. Thus, for 2019, the evidence before the court revealed Former Wife's monthly average gross income to be $3,406.58. In 2020, she reported her annual gross income after business expenses as $29,269, which translates to $2,439 as monthly gross income as defined in section 61.30(2). For 2021, the evidence before the court in terms of Former Wife's testimony and financial affidavit demonstrated that her gross monthly income after business expenses was $3,078.

Child support obligations are to be based upon the parties' net income, which "is obtained by subtracting allowable deductions from gross income." § 61.30(3), Fla. Stat. That statutory provision lists allowable deductions to include federal income tax deductions and federal insurance contributions or self-employment tax. *Id.* Former Wife's tax returns and testimony were before the court to establish her allowable deductions in order to arrive at her net monthly income. For 2019, Former Wife reported total taxable income after deductions as $19,355. For 2020, she reported total taxable income after deductions as $6,841.

Our review of the record before us reveals that the trial court's conclusions that Former Wife had taxable income between $60,000 to $70,000 per year and net, after tax, monthly income of $4,904.05 are not supported by competent substantial evidence and must be reversed. *Pukin*, 365 So. 3d at 496. Those same conclusions as to income reflect that the trial court was not computing child support based on monthly net income pursuant to the requirements of section 61.30. We are compelled to reverse and remand for recalculation of the parties' child support obligations.

AFFIRMED, in part; REVERSED, in part; REMANDED with instructions.

EDWARDS, C.J., LAMBERT and JAY, JJ., concur.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____