PER CURIAM.
We affirm the trial court’s Amended Final Judgment of Dissolution of Marriage *1044 and reverse the court’s Qualified Domestic Relations Order. We find no abuse of discretion by the trial court in its distribution of the marital home, the husband’s employee savings plan, or his employee stock option plan. In the Qualified Domestic Relations Order, however, the court failed to provide sufficient terms for the distribution of the wife’s present interest in the pension plan.
A qualified domestic relations order as defined in 26 U.S.C. § 414(p) requires that the order must clearly specify (a) the name and the last known mailing address (if any) of the participant and the name and mailing address of each alternate payee covered by the plan, (b) the amount or percentage of the participant’s benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined, (c) the number of payments or period to which such order applies, and (d) each plan to which such order applies. The qualified domestic relations order at issue provides:
The Pension Plan for Employees of Gulf Power Company ... in which the Husband is a participant shall segregate for the benefit of the Wife, Doris Irene Brown, plan assets with a present value of $16,000.00 which shall be made available to the Wife under the options available in the Plan. The segregation shall be made as soon as reasonably possible after receipt of this order.
[[Image here]]
The division of pension benefits is a division of property between the Husband, Marvin Allen Brown, employee and Doris Irene Brown, former spouse, as an equitable distribution of property which is intended as part of the settlement of the property rights of the parties.
In the instant case, the order is vague as to the number of payments or period to which the order applies and the plan to which the order applies. The former husband fears that the former wife will attempt to use the qualified domestic relations order to require him to pay the present value of the former wife’s interest in a lump sum amount from employee benefits other than the pension plan, i.e. the employee savings plan and the employee stock option plan.[1] We read the order as requiring segregation of the wife’s benefits from the employee pension plan alone, and not the stock or savings plans. Based on the vagueness of the order, we reverse the trial court’s qualified domestic relations order and remand for clarification in accordance with 26 U.S.C. § 414(p).[2]
ALLEN, KAHN and WEBSTER, JJ., concur.

. A representative of the husband's employer testified that the pension plan cannot make a present lump sum distribution. At the hearing on the Qualified Domestic Relations Order, however, the trial judge stated, “I have determined that she is entitled to 'X' percent of that and I do not see why Gulf Power can not pay that to her in a lump sum now. That is what I wish to be done ... But now, if they can’t do it, let them holler then.”

. In Cameron v. Cameron, 570 So.2d 1087, 1089 (Fla. 1st DCA 1990), this court indicated that a court may enter a qualified domestic relations order pursuant to 26 U.S.C. § 414(p) awarding the former wife a present assignment of the amount so that the husband may avoid the income tax consequences attached to her receipt of those funds or it may require the former husband to pay the present value of the former wife’s interest in the pension funds by way of periodic lump sum alimony payments plus accrued interest. In either event the court must consider the tax consequences and interest on the funds. See also, Villaverde v. Villaverde, 547 So.2d 185 (Fla. 3d DCA 1989).