687 So.2d 42 (1997)
Donald M. HUBER, Appellant,
v.
Mary Lou HUBER, Appellee.
No. 96-1252.
District Court of Appeal of Florida, Fifth District.
January 17, 1997.
Rehearing Denied January 31, 1997.
W. Stewart Gilman, Orlando, for Appellant.
*43 Kenneth D. Morse of Subin, Rosenbluth, Losey, Brennan, Bittman & Morse, P.A., Orlando, for Appellee.
PER CURIAM.
This is an appeal from a final judgment of dissolution awarding lump sum alimony, determining and distributing marital assets, and allocating marital debt. The parties to this action owned a successful contracting business, Huber Design and Construction, Inc., and had established an affluent lifestyle. After some business reverses in the 1980's, the parties separated in 1990. This was a long-term marriage and, at the time of the dissolution, the wife had become an alcoholic and incapable of self-support.
The husband asserts multiple errors were committed by the trial court in signing the final judgment, which was prepared and advocated by the counsel for the wife. We find that two require reversal. First, the trial court erred in "equitably distributing" assets acquired after filing of the petition for dissolution. The husband contends, and we agree, that this approach by the trial court contravenes section 61.075(6), Florida Statutes (1994 Supp.) which provides:
The cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is the earliest date the parties entered into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage. The date for determining value of assets and the amount of liabilities identified or classified as marital is such date or dates as the judge determines is just and equitable under the circumstances. Different assets may be valued as of different dates, as, in the judge's discretion, the circumstances require.
Secondly, the trial court assigned various values to assets without an evidentiary basis therefor, and intermingled awards based on "net equity" evaluations and others based on gross value to the extent that the result was, as argued by the husband, a climate of mathematical confusion.
Accordingly, we affirm the judgment of dissolution, but reverse and remand for rehearing in respect to the issues of lump sum alimony and equitable distribution.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
COBB, HARRIS and THOMPSON, JJ., concur.