698 So.2d 601 (1997)
Sharon A. LANGEVIN, Appellant/Cross-Appellee,
v.
Robert E. LANGEVIN, Appellee/Cross-Appellant.
No. 96-0353.
District Court of Appeal of Florida, Fourth District.
August 6, 1997.
Rehearing and Certification Denied September 8, 1997.
Robert L. Bogen of Law Offices of Robert L. Bogen, Boca Raton, for appellant/cross-appellee.
Karen A. Gagliano of Karen A. Gagliano, P.A., Boca Raton, for appellee/cross-appellant.
WARNER, Judge.
This is an appeal of a final judgment of dissolution of marriage. The wife raises seven issues on appeal. The husband raises three on cross-appeal. We affirm in part and reverse in part.
The wife challenges the trial court's determination that an insurance business started by the husband before the marriage *602 was only partly marital, and she also disputes the methodology of valuation. The husband's CPA expert testified both as to the characterization of the premarital portion of the business and as to its valuation. The wife presented no testimony as to valuation. The trial court accepted the expert's testimony. As a finder of fact, the trial court may accept such testimony. See McDaniel v. McDaniel, 653 So.2d 1076, 1077 (Fla. 5th DCA 1995). The trial court did not abuse its discretion in its treatment of the insurance business.
The husband concedes that the trial court erred in requiring the wife to reimburse the husband for one-half of a joint tax liability, because the court already accounted for the liability in the equitable distribution. We therefore reverse as to this point and direct the trial court to eliminate this requirement from the marital liability distribution in the final judgment.
We find no error in the denial of permanent alimony to the wife. The marriage was of eleven years duration, and the parties were of approximately the same age and general physical condition, despite the claims of the wife that she had chronic back problems. She worked throughout the marriage, as did the husband, and each party leaves the marriage with about $450,000 in assets. The wife had substantial, non-marital, income-producing assets, while the husband had few liquid assets. Although the husband's income was higher, this finding alone does not justify an award of permanent alimony. See Aresty v. Weinstein, 667 So.2d 846, 847 (Fla. 3d DCA 1996); Cornell v. Smith, 616 So.2d 629, 630 (Fla. 4th DCA 1993). Since the wife worked throughout the marriage at a significant salary, the trial court found that the wife had sufficient financial resources to be self-supporting without assistance from the husband. The trial court did not abuse its discretion in denying the wife's request for permanent alimony.
On cross-appeal, the husband contends that the trial court erred in determining that the parties' shares in an employee stock option plan were subject to equitable distribution as of the date of the final judgment. The wife agrees that the trial court's determination is contrary to section 61.075(6), Florida Statutes (1995), which provides that the date for determining marital assets and liabilities is the earliest of the date the parties entered into a valid separation agreement or the date of filing a petition for dissolution of marriage. In Huber v. Huber, 687 So.2d 42 (Fla. 5th DCA 1997), the court reversed the trial court's equitable distribution of assets acquired after the filing of the petition for dissolution. Although the trial court has discretion under the statute in determining the valuation date for marital assets and liabilities, that discretion does not extend to permit the court to distribute stock acquired after the filing of the petition. We therefore reverse and remand to the trial court to equitably distribute only those employee stock option plan shares owned by the parties as of the date of filing the petition for dissolution.
We affirm as to all other issues not specifically addressed in this opinion.
POLEN and GROSS, JJ., concur.