COBB, J.
This appeal involves an alimony award and distribution of marital assets. The parties, Timothy Charles Griffing and Nancy Ann Griffing, were married in 1978 and a final judgment of dissolution was entered by the lower court in October of 1997 ending a 19 year marriage involving two minor children.
The husband was the primary wage earner and served 20 years in the U.S. Coast Guard with the parties married for 16íé years of the husband’s military career. At the time of trial, the husband had been working for America On Line as a supervisor. The wife, age 38, was employed part-time as a realtor.
According to the record, the husband received $1,585.00 per month in military retirement pay and $1,750.00 per month in income from America On Line. The wife’s net monthly income from her part-time work was approximately $708.00 per month.
Equity in the marital home was valued at approximately $74,000.00 with mortgage payments of $1,100.00 per month. In addition, there were certificates of deposit valued at approximately $10,000.00. The after-tax value of the husband’s savings bonds were $9,314.00 and the husband also had an annuity worth approximately $6,016.00 with 27 shares of America On Line worth $2,439.45. The husband held America On Line stock options in the amount of $69,323.00 at the time of the final hearing, however, the court found the stock options were not marital assets.
Child support was ordered in the amount of $911.00 per month and the husband was required to continue providing medical insurance and a life insurance policy in the amount of $100,000.00.
Alimony was awarded in the amount of $565.00 per month, however, the final judgment instructed the wife to use this to maintain one-half of the mortgage payment on the former marital residence.[1] The court also stated that this “alimony” would terminate when the youngest child attained age 18, married or became self-supporting. Alimony would also terminate upon the death of either party or remarriage of the wife. Thus, in addition to the wife’s income from her part-time real estate job, she was awarded the $565.00 of alimony, $911.00 of child support and $630.00 per month from the husband’s military retirement.
The husband contends that the court failed to make factual findings with respect to all the factors enumerated in section 61.08(2), *980 Florida Statutes (1997). While we are unclear as to the nature of the alimony award, we agree with the wife that the court did consider all relevant economic factors pursuant to section 68.08(1)(2).
In regard to the equitable distribution scheme the husband claims that the lower court erred because it over-valued the assets awarded to him. Additionally, the husband claims that the lower court did not make adequate fact findings as required by section 61.075, Florida Statutes (1997). We find no merit to these arguments, however, point out that the stock options should have been included as part of the marital assets. Langevin v. Langevin, 698 So.2d 601 (Fla. 4th DCA 1997); Brown v. Brown, 591 So.2d 1043 (Fla. 1st DCA 1991).
Accordingly, we affirm the final judgment of dissolution with the exception of the language relating to the alimony award and the equitable distribution scheme. On remand, the lower court may either treat the alimony award as traditional support or as part of the equitable distribution, but in any event, any connection between alimony and a minor child’s age should be removed. In addition, the lower court may wish to reconsider the entire equitable distribution scheme given the inclusion of the America On Line stock options.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GOSHORN and HARRIS, JJ., concur.

. The husband was to pay 50% of the mortgage payments and was allowed to take credits toward final distribution of sale proceeds from the home.