816 So.2d 185 (2002)
Peggy H. MARTIN, Appellant,
v.
Earnest E. MARTIN, Appellee.
No. 1D01-2735.
District Court of Appeal of Florida, First District.
May 2, 2002.
Thomas R. Santurri, Thomas R. Santurri, P.A., Pensacola, for Appellant.
Roy Lake, Lake & Odom, Bonifay, for Appellee.
KAHN, J.
In this divorce case, the trial court held the wife solely responsible for debt acquired prior to the filing of the petition for dissolution. The wife argues that the debt was a marital liability because it was incurred prior to the filing of the petition. Because the trial court's distribution of marital liabilities is improper, we reverse in part and remand with directions.
The wife took out two loans before filing the petition for dissolution. One loan for $500 was disbursed on July 30, 1999, and another for $50,000 was disbursed on August 16, 1999. The wife filed a petition on November 16, 1999. The trial court addressed the $50,000 loan as follows:
The Wife has borrowed monies from the Bank of Bonifay in the sum of $50,000.00 on 8/16/00. The Wife has pledged real property held in her name solely, which was inherited from a source outside the marriage, as security for the borrowed funds. The Wife borrowed the funds after she filed for dissolution of the marriage and had the Husband removed from the marital home; the Husband has received no benefit from the borrowed funds and therefore, the Wife *186 shall be solely responsible for any indebtedness in their respective names.
The court did not address the $500 loan.
The judgment made no determination that either loan was a nonmarital liability, despite a statutory mandate for such a finding. See §§ 61.075(1) & (3)(c), Fla. Stat. (1999); see also Green v. Green, 788 So.2d 1083, 1085 (Fla. 1st DCA 2001); Segall v. Segall, 708 So.2d 983, 986 (Fla. 4th DCA 1998) ("The court's failure to make findings clearly identifying the marital liabilities and designating which spouse was responsible for each, as required by section 61.075(3)(c), constitutes reversible error.").
The trial court's finding that the $50,000 was borrowed in 2000 might well suggest that the court viewed this as the wife's nonmarital liability. The date assigned in the finding is, however, incorrect. The money was borrowed on August 16, 1999. Consequently, this finding of fact is not supported by competent, substantial evidence, and it cannot support a finding that the debt was a nonmarital liability. The trial court also found that the wife borrowed the funds after she removed the husband from the marital home. This factual finding does have some support in the record, but it does not alter the statutory cut-off date for the determination of marital liabilities. See § 61.075(6), Fla. Stat. (1999) ("The cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage."); cf. Caruso v. Caruso, 814 So.2d 498, 505 (Fla. 4th DCA 2002) (Gross, J., specially concurring) ("The clear language of the statute does not allow for flexibility in the identification of a marital asset. This case stands for the proposition that for an asset to be characterized as a marital asset, it must be in existence on the statutory `cut-off date.' ... This does not preclude the trial court from using some other tool in its equitable belt to acknowledge and value the wife's contribution to [the asset's] creation."); Dean v. Dean, 793 So.2d 1121, 1122-23 (Fla. 5th DCA 2001) (holding that, for any asset that was not covered by a separation agreement, the cut-off date for determining whether that asset was marital property was the date of the filing of a petition for dissolution, notwithstanding the fact that the parties had been separated for five years prior to filing the petition). Despite the trial court's finding that the husband did not benefit from the borrowed funds, our review of the record yields no indication of how the money was used.
We recognize the trial court has some discretion to unequally distribute marital liabilities; however, we need not here reach the question of whether a correct finding of no benefit to one spouse would support an unequal distribution of the liability under section 61.075(1), Florida Statutes (1999). See Vaughn v. Vaughn, 714 So.2d 632, 634 (Fla. 1st DCA 1998) (holding that the fact that the benefit of a loan "inured almost exclusively to the former husband or his family" was among the factors that would support an unequal distribution of that debt to the husband). The error here occurred when the court failed to determine whether the liabilities were marital or nonmarital. The final order is REVERSED and REMANDED for further proceedings with regard to the loans in question. The final order is AFFIRMED in all other respects, although the trial court may revisit the distribution of assets and other liabilities should such be required by any reallocation of the liabilities discussed herein. See Spillert v. *187 Spillert, 603 So.2d 700, 700 (Fla. 1st DCA 1992) (explaining that after the appellate court adjusted the valuation of one of the parties' assets, the trial court was authorized "to reallocate the award of property to effect a fair and equitable distribution thereof as well as redetermine the amount of alimony required to provide the support of the former wife in accordance with law").
BOOTH and MINER, JJ., concur.