816 So.2d 1267 (2002)
Sam YOUNG, Appellant,
v.
Luisa Corcuera YOUNG, Appellee.
No. 3D01-2977.
District Court of Appeal of Florida, Third District.
June 12, 2002.
*1268 Stephen H. Butter, Aventura, for appellant.
Adelmis Bohigas Naderpour and Luis M. Padron, Miami, for appellee.
Before COPE, GODERICH, and FLETCHER, JJ.
FLETCHER, Judge.
Sam Young, former husband, appeals from the trial court's denial of his exceptions to the report of the general master. The specific issue before us is whether the former husband timely objected to the trial court's order of referral of the issue of contempt to the general master where the former husband specifically objected four days prior to service of that order. We reverse, holding that the former husband's early objection was timely and gave sufficient notice of his objection. As a result the general master did not have jurisdiction to hear the matter.
In October, 2000, the wife filed a petition for dissolution of marriage and an emergency motion for temporary relief. The husband answered with defenses and a counter-petition. The trial court initially entered two separate orders of referral to a general master, one regarding the issue of temporary relief, and the other regarding the final hearing on the wife's petition and husband's counter-petition.[1] The general master's report on the wife's motion for temporary relief was approved by the trial court. However, the husband failed to comply with the general master's recommendations, and subsequently, on June 27, 2001, the wife filed an emergency motion for contempt, enforcement and other relief. The next day, the husband filed his written objection to having a general master hear the matters of contempt, enforcement, and other relief. Four days later, on July 2, 2001, the trial court ordered that the issues of contempt and enforcement *1269 be heard by a general master.[2]
At the contempt and enforcement hearing before the general master, former husband's counsel made specific oral objection to the hearing going forward, arguing that the general master had no jurisdiction to hear the contempt issues as the husband had provided specific written objection to that issue's being referred to a general master. The hearing nevertheless proceeded, the general master issued her recommendation, and the trial court ultimately denied the husband's exceptions to that recommendation.
Rule 12.490(b)(1)of the Florida Family Law Rules of Procedure provides that no reference to a general master shall be given without the consent of both parties. If the parties do not consent to such referral, the trial court must hear the issue. Furthermore, "a written objection to the referral to the general master must be filed within 10 days of the service of the order of referral." Rule 12.490(b)(1)(A), Fla. Fam. L.R. Proc. [e.s.] Here, the day after the former wife had filed her emergency motion for contempt, enforcement, and other relief, the former husband filed specific written objections to referring those issues to the general master. Nonetheless, the trial court ordered referral after the former husband's written objection.
We conclude that Rule 12.490(b) does not prohibit the husband from filing his written objection prior to the service of the order of referral, as he did here. As the record shows that the husband never otherwise consented to the referral of these issues to the general master, the general master had no jurisdiction to proceed on the issues of contempt and enforcement.
Finally, we disagree with the wife's contention that the two initial orders of referral regarding matters of temporary relief and final hearing were broad enough to confer upon the general master jurisdiction to hear all issues flowing from the initial dissolution proceedings, including that of contempt. The first two orders of referral plainly indicate that the issues of contempt and enforcement were not included in the matters initially referred to the general master. [see fn.1].
Reversed and remanded for proceedings consistent with this opinion.
NOTES
[1] The form used by the trial court provides a checklist of seven specific issues to be referred, and provides a space to specify issues not listed. The trial court's initial orders of referral in this case checked off only the specific issues of Final Hearing and Counter-claim [dated January 29, 2001] and Temporary Relief [dated February 1, 2001]. The space provided for the issue of contempt was not checked off in either order.
[2] In this instance, the trial court issued another form order, this time referring only the specific issue of "Contempt (or Enforcement)" to the general master.