PER CURIAM.
The Order on appeal is reversed in light of Young v. Young, 816 So.2d 1267(Fla. 3d DCA 2002). Appeal 3D01-2977 was taken as a result of the trial court’s Order denying Husband’s exceptions to the General Master’s Report and Recommendations entered on August 14, 2001. Husband’s exceptions challenged the General Master’s jurisdiction over Wife’s Motion for Contempt, Enforcement and Other Relief. On appeal, this Court held that the General Master did not have jurisdiction to hear and issue recommendations on Wife’s Emergency Motion for Contempt, Enforcement, and Other Relief because the husband did not consent to the referral of the issues to the general master. Consequently, the trial court’s Order dated October 18, 2001, was reversed and remanded. See Young v. Young, 816 So.2d 1267 (Fla. 3d DCA 2002).
While case number 3D01-2977 was pending before this Court, and without any additional Order of Referral or action by the trial court, a subsequent hearing was held on October 25, 2001 on Wife’s Emergency Motion for Contempt, Enforcement, and Other Relief. ' Counsel for husband immediately voiced his objection to the General Master exercising jurisdiction over the matter and noted that the issue was currently pending before this Court. This hearing resulted in the General Master’s Recommendation of November 15, 2001 to which husband filed exceptions which were denied by the trial court on *1130 January 8, 2002, the subject of the instant appeal.
As noted in Young v. Young, 816 So.2d 1267(Fla. 3d DCA 2002), the General Master did not have jurisdiction over the matter where husband objected to the order of referral. Accordingly, we reverse and remand for further proceedings consistent with this Court’s opinion in Young v. Young, 816 So.2d 1267 (Fla. 3d DCA 2002).
Reversed and remanded.