885 So.2d 409 (2004)
Suzanne GUELPA, Appellant,
v.
Randall GUELPA, Appellee.
No. 1D03-4790.
District Court of Appeal of Florida, First District.
October 15, 2004.
*410 E. Jane Brehany, Pensacola, for Appellant.
Laura E. Keene of Beroset & Keene, Pensacola, for Appellee.
PER CURIAM.
Appellant, Suzanne Guelpa, questions several matters adjudicated in a final judgment of dissolution of marriage. Although we affirm without comment appellant's points concerning child support and custody, the points involving distribution and evaluation of certain marital assets and liabilities must be reversed and remanded.
Although the final judgment purports to distribute marital assets and liabilities, it neglects to determine a cut-off date for determining such assets and liabilities. Florida law requires that the cut-off date for determining assets and liabilities "is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage." § 61.075(6), Fla. Stat. (2001); see also Leeds v. Adamse, 832 So.2d 125, 126 (Fla. 4th DCA 2002) (characterizing the statutes as a "bright line that was crossed by the filing of the petition for dissolution," and finding that debt incurred by husband four days after wife filed petition for dissolution was not a marital liability subject to equitable distribution); Martin v. Martin, 816 So.2d 185, 186 (Fla. 1st DCA 2002) (concluding that statute does not allow flexibility in the identification of a marital asset); Caruso v. Caruso, 814 So.2d 498, 503 (Fla. 4th DCA 2002) ("[D]iscretion does not extend to permit the court to determine assets acquired after the filing of the petition to be marital assets."); Langevin v. Langevin, 698 So.2d 601, 602 (Fla. 4th DCA 1997) (reversing and remanding where a trial court had purported to equitably distribute stock option plan shares acquired between the date of filing the petition and the date of the final judgment). The same statute, section 61.075(6), allows the trial court discretion to value assets as of different dates, but does not allow such discretion with regard to determining assets and liabilities. Because the record here does not reveal a separation agreement, the determination date for assets and liabilities is the date the petition was filed, August 22, 2001.
The trial court erred here by including on the husband's side of the distribution, numerous liabilities incurred after the date of the filing of the petition. These liabilities include portions of the 2001 taxes, the 2002 taxes, and credit card balances, other than the CITI Platinum card listed on the *411 original financial affidavit. By allowing the husband to assume these additional liabilities on his side of the balance sheet, the distribution is skewed to make it appear that the wife has received far more than the husband. Such was error and must be addressed on remand.
The trial court also erred in its treatment of the asset known as the Settlers Colony property. Contrary to the wife's argument, the record does support a valuation of that property in the amount of $75,000. The trial court erred, however, by failing to acknowledge a substantial mortgage on the property and also by failing to acknowledge that the property is equally owned by the former wife's sister, not a party to this action. Accordingly, that portion of the final judgment that credits the wife with a $75,000 asset in the form of the Settlers Colony is erroneous and should be revisited on remand.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, BOOTH, and KAHN, JJ., concur.