888 So.2d 156 (2004)
George T. BLACK, Gloria D. Black, et al, Appellant,
v.
ORANGE COUNTY, etc., Appellee.
No. 5D03-2306.
District Court of Appeal of Florida, Fifth District.
December 3, 2004.
Thomas P. Callan, G. Robertson Dilg and Alison M. Yurko of Thomas P. Callan, P.A., Orlando, for Appellant.
Kimberly A. Ashby of Akerman Senterfitt, Orlando, for Appellee.
PALMER, J.
Plaintiffs below, George T. Black and Gloria D. Black, David L. Carter and Betty R. Carter, and Zeon L. West and Geraldine West ("the Landowners") appeal the trial court's order entering summary judgment in favor of Orange County. Concluding that there are disputed issues of material facts existing in the record before us, we reverse.
The Landowners filed an amended complaint alleging a claim for inverse condemnation. The complaint alleged that each of the Landowners owned real property in Orange County that abutted the then existing right-of-way of Hiawassee Road in the Blue Ridge Acres subdivision. The subdivision plat contained a notation over the east sixty feet of the plats which stated: "60 FT EASEMENT RESERVED FOR FUTURE ROAD WITH 110' SETBACK". The complaint averred that the notation did not convey title nor serve as a dedication of right-of-way to the County and, therefore, the County owed the Landowner compensation because the County had taken that 60 foot strip for the purpose of widening Hiawassee Road.
The Landowners filed a motion for summary judgment supported by affidavits, minutes of a meeting of the Board County Commissioners, and a letter from the County to the Landowners. The County filed a cross-motion for summary judgment. Attached to the County's motion was the Blue Ridge Acres plat which, in addition to the notation on the plat for "60 *157 FOOT EASEMENT RESERVED FOR FUTURE ROADWAY W/110' SETBACK," also contained the following language:

DEDICATION
KNOW ALL MEN BY THESE PRESENTS, That the undersigned, having power of attorney for the owner in fee simple of the lands described in the foregoing caption to this plat, does hereby dedicate said lands and plat for the uses and purposes therein expressed and dedicate the streets and easements shown hereon to the perpetual use of the public ...
(Emphasis in original). The plat also contained notations for a fifteen-foot access easement, a twenty-foot drainage easement, and a utility easement (none of which contained the "easement reserved" language). The County also filed a motion seeking judicial notice of seven plats in Orange County dating from the 1970's which employed the term "easement reserved". In opposition to the County's motion for summary judgment, the Landowners filed several depositions.
After hearing argument and reviewing the record, the trial court entered an order granting the County's cross-motion for summary judgment. The trial court found:
The Plaintiffs are homeowners who have filed suit for inverse condemnation, alleging that as of January 2, 2001, Orange County wrongfully utilized a 60 foot area at the rear of their lots for the widening of Hiawassee Road. Defendant Orange County contends that the 60 foot area was previously dedicated to the public by the Blue Ridge Acres plat approved by the Orange County Commission on September 27, 1977 and recorded at Plat Book 7 Page 24.
This Court has reviewed the plat and finds that the language "60 FT EASEMENT RESERVED FOR FUTURE ROAD W/110' SETBACK" is affixed to the area in dispute. This language read together with the Dedication paragraph of the Blue Ridge Acres plat is legally sufficient to constitute a dedication. Specifically, the Court finds that the use of the term "reserved" does not negate or nullify the act of dedication.
At the time the plat was approved, Section 177.081(2), Florida Statutes 1975, stated that easements shown on the plat, unless otherwise stated, shall be deemed dedicated to the public for the use and purposes thereon stated. This Court finds that the disputed area was delineated as a "60 ft. easement reserved for future road" and that the use of the term "easement reserved" is not an affirmative disclaimer that would exclude this easement from the normal operation of the statute.
It appears that the derivation of the term "reserved" can be traced to the original plat law authorizing Orange County to require right-of-way dedications as part of the recordation process. The term "reserved" refers to reserving a reversion. See, Chapter 59-1658 of Laws of Florida, Section 7(2)(g).
The Court also takes judicial notice of the seven plats filed with the Court on April 23, 2003, by Defendant Orange County, wherein the term "easement reserved" is utilized to grant easements to the public. Contrary to the assertions in the affidavit of Edward J. Williams, whose affidavit was submitted by Plaintiffs, Orange County has demonstrated through competent evidence that the Blue *158 Ridge Acres plat was not the only plat approved in the late 1970's wherein the term "easement reserved" was used to mean a dedication to the public.
Plaintiffs' argument is that the language on the plat is ambiguous and thus seek to introduce parol evidence in the form of the August 16, 1977 County Commission minutes which they say demonstrates that the intent of the parties was simply to earmark the areas for future acquisition by purchase by the County. The Court disagrees. At best, the language of the minutes is ambiguous as to the intent of the parties. Further, since this Court has determined that the language on the plat is unambiguous, there is no need to resort to parol evidence.
We conclude that the trial court erred in holding that, as a matter of law, the origin of the term "reserved" as used in the plat was to reserve a reversion pursuant to Chapter 59-1658, Laws of Florida section 7(2)(g) as the language on the plat clearly indicates the land itself was being reserved, rather than a reversion. We further conclude that the phrase "reserved for future road" is ambiguous. Similarly, ambiguity exists as to the relationship between the specific language of the easement reserved and the general dedication language. Accordingly, entry of summary judgment was improper.
REVERSED and REMANDED.
SHARP, W., J, concurs.
THOMPSON, J., dissents, with opinion.
THOMPSON, J., dissenting.
I respectfully dissent. The issue before this court is whether the summary judgment was properly entered by the trial court. More precisely, the issue is whether the 60 feet on the plats were dedicated to Orange County, thus allowing the county to improve and widen Hiawassee Road without additional compensation to the abutting landowners. Based upon the facts and documentation presented to the trial court, I would rule that in order to obtain approval, the developer dedicated the easement for a roadway when the subdivision was platted. Because Orange County already owned the property it did not have to pay additional compensation and summary judgment was appropriate.
The original developer, Blue Ridge Acres, presented a preliminary subdivision plan to Orange County for approval in August of 1977. The Development Review Committee's (DRC) recommended that approval be granted subject to the condition that the developer dedicate a 60 foot easement to Orange County. The condition read: "1. Acceptance of reservation of 60' easement for future roadway purposes and 110' setback." This recommendation was made on 16 August 1977. The developer signed the dedication of the easement on the plat on 17 September 1977, pursuant to the recommendation of the DRC:
That the undersigned having power of attorney for the owner in fee simple of the lands described in the foregoing caption to this plat, does hereby dedicate said lands and plat for the uses and purposes therein expressed and dedicate the streets and easements shown hereon to the perpetual use of the public.
IN WITNESS WHEREOF, The undersigned representative set his hand and seal on September 16, 1977....
On 27 September 1977, the Board of County Commissioners approved the plat without discussion. Significantly, other surveys of the property recognized the 60 foot easement. For example, title insurance for the lots included an exception for the *159 60 foot easement on each lot. Boundary surveys noted the 60 foot easement in favor of Orange County for a future road. Finally, a lienholder on one of the lots consented to the dedication of the 60 foot easement after acknowledging that it held a mortgage, lien or other encumbrance on the property.
Furthermore, I see no ambiguity in the language dedicating the easement and do not think the notation on the plat creates an ambiguity with respect to whether the dedication created an easement. The use of the term "reservation" would only have relevance if the county vacated the easement. See Chapter 59-1658, Laws of Florida § 7(2)(g). Summary judgment was proper because there was no genuine issue of material fact and the moving party was entitled to judgment as a matter of law. Volusia County v. Aberdeen, 760 So.2d 126, 130 (Fla.2000) (when construing a document, courts should give effect to the plain meaning of its terms); Fla. R. Civ.P. 1.510(c).