948 So.2d 63 (2007)
Hal D. HICKS, Appellant,
v.
Nancy Ann HICKS, Appellee.
No. 5D05-1598.
District Court of Appeal of Florida, Fifth District.
January 12, 2007.
*64 Richard J. D'Amico and Rick Brown, Daytona Beach, for Appellant.
Christopher W. Wickersham and Lloyd Bowers of Wickersham & Bowers, Daytona Beach, for Appellee.
PALMER, J.
Hal Hicks (father) appeals the final order entered by the trial court dissolving his marriage to Nancy Hicks (mother) and awarding her primary residential custody of the parties' three children as well as child support and equitable distribution of marital property. The mother properly concedes that the trial court erred in calculating the father's child support arrearage and, therefore, we remand this matter to the trial court for correction of the child support arrearage amount and for any other changes in the award, if any are deemed necessary, as a result of that correction. In all other aspects, we affirm.
The mother filed a petition seeking to dissolve her marriage of less than three years to the father. The father filed a counter-petition which included a claim for special equity in five parcels of Florida real estate.
During the litigation, the father engaged in a pattern of improper conduct, including failing to comply with the financial terms of the parties' temporary support agreement, as well as failing to comply with pretrial discovery orders and failing to appear at a scheduled deposition. In response to the father's conduct, the trial court entered an order sanctioning him by striking his pleadings and entering a default against him.
The father later filed a motion to set aside the default judgment arguing that he had recently complied with the support and discovery orders. The trial court denied the motion. However, the court permitted the father to participate in the trial, including cross-examining witnesses and calling his own witnesses.
The mother was awarded primary residential custody of the parties' three minor children, a portion of the marital property in equitable distribution, an additional portion of the martial property for child support purposes, and her attorney's fees. The father timely appealed.
The father contends that the trial court reversibly erred in establishing the parties' rights and obligations concerning child support and child custody. With the exception of the miscalculation of the father's child support arrearage amount, we disagree.
First, the father challenges the fact that the trial court failed to compute his child support obligation based upon the guidelines set forth in section 61.30 of the Florida Statutes (2005). He further argues that the trial court erred in failing to provide written findings to support the child support award. We disagree.
Although trial courts are normally required to calculate the amount of child support based upon the statutory guidelines and then justify any substantial deviation from that guideline amount, when a party prevents the court from accurately calculating an amount through the failure to fully and completely disclose financial information, that party will not be heard to complain when the court cannot (and therefore does not) make a specific calculation. Here, in awarding the mother child support, the trial court awarded her more of the marital assets than were awarded to the father, explaining that due to the father's proven record of failing to pay his temporary child support obligations, the father's pending criminal charges, and the father's failure to truthfully advise the court as to the nature of his finances, the *65 court felt obligated to use the parties' real estate to secure support for the parties' children. The unequal distribution of martial property to accomplish this purpose was proper under these unusual circumstances. See Escudero v. Escudero, 739 So.2d 688 (Fla. 5th DCA 1999).
The only error in the final judgment is an error in the designated amount of the father's outstanding child support arrearage. Although the judgment indicates an arrearage of $81,864.00, both parties agree the arrearage was only $31,000.00. Accordingly, this case must be remanded to the trial court to deal with that discrepancy.
We reverse the instant dissolution order and remand this matter to the trial court for correction of the amount of the father's child support arrearages and for the trial court's determination as to whether that correction requires any other change in the distribution of the parties' marital property.
AFFIRMED in part; REVERSED in part, and REMANDED.
THOMPSON and SAWAYA, JJ., concur.