BROWNING, J.
 

 Noel Shaw, the former husband, appeals the circuit court’s final order granting the “Supplemental Verified Petition for Modification in Child Support and Child Custody” filed by Laurie J. Nelson, the former wife. The former husband complains that the challenged order lacks sufficient findings of fact to disclose whether the trial court followed the child support guidelines in section 61.30, Florida Statutes (2005), and how the court calculated the amounts to be paid for child support. In this appeal, the former husband does not contest the modification of child custody. Because the record demonstrates that the trial court correctly applied the statutory guidelines, and competent, substantial evidence in the record supports the calculations made by the court and the grounds for modification, we affirm the order.
 

 An Alabama final judgment dissolved the parties’ marriage in June 2000 and designated the former husband as the primary residential parent for the parties’ two daughters: Lacey, who was born in April 1991, and Samantha, who was born in February 1994. The court awarded reasonable visitation to the former wife, including visitation on the first and third weekends of each month from 6:00 p.m. Friday until 6:00 p.m. the following Sunday, for one month during the summer, and on certain birthdays and holidays. The parties agreed to shared parental responsibility.
 
 See
 
 § 61.046(15), Fla. Stat. (2005). The former wife agreed to pay child support in the amount of $447.50 a month. The former husband was ordered to provide and maintain hospitalization and
 
 *742
 
 major medical insurance for the children and to pay all reasonable and necessary doctor, hospital, medical, prescription drug, dental, orthodontic, or other medical expenses for the children not covered by insurance. By stipulation of the parties, the Alabama final judgment of dissolution of marriage was domesticated and made a Florida judgment in February 2005.
 

 In October 2005, the former wife petitioned to modify child custody and child support on the ground that a substantial change in circumstances had occurred since the final judgment. In most instances, “a fundamental prerequisite to bringing an action to modify child support payments is a showing of substantial change of circumstances.”
 
 Overbey v. Overbey,
 
 698 So.2d 811, 813 (Fla.1997). As the petitioner, the former wife had the burden to prove that increased child support is necessary.
 
 See id.
 

 The petition alleged: 1) that the former husband, a boat captain, was engaged in offshore employment, which necessitated his being away from home and unable to participate (as the primary residential parent) in the custody/visitation schedule contemplated in the final judgment; 2) that the former husband’s accepting a second job in Mobile, Alabama, has resulted in the children’s being left alone at home until late in the evening; 3) that the former wife has been the primary caretaker of the children for approximately 70% of the time, sometimes caring for the children for 20 days or more monthly; 4) that the former husband’s income has increased significantly due to his offshore employment; 5) that the former wife needs additional child support to cover the unanticipated extra time involved in her caring for the children, whose needs have increased markedly due to the rising costs of transportation and food and the effects of general inflation; and 6) that the former husband’s fuller work schedule and additional income make him able financially to provide the needed child support to the former wife.
 

 The party seeking to modify custody bears an extraordinary burden to show both that a substantial, material, and unanticipated change in circumstances has occurred since the final judgment of dissolution of marriage and that the change in primary residential parent status will be in the children’s best interests.
 
 See Wade v. Hirschman,
 
 903 So.2d 928, 932 & n. 9 (Fla.2005);
 
 Cooper v. Gress,
 
 854 So.2d 262, 265 (Fla. 1st DCA 2003).
 

 To support her request to be designated the primary residential parent, the former wife alleged that the former husband’s prolonged absences and unavailability required her to make the key day-to-day decisions ordinarily made by the primary custodial parent, and that she is able to provide the additional time needed to serve as the primary residential parent. The petition sought to modify the child support arrangement “as dictated by the State of Florida Schedule of Child Support Guidelines.”
 

 Ordinarily, a trial court’s determination of child support is reviewed for an abuse of discretion, although such discretion is subject to the statutory child support guidelines.
 
 See Finney v. Finney,
 
 995 So.2d 579, 581 (Fla. 1st DCA 2008). In support of her petition, the former wife, who is an assistant property manager and part-time realtor, filed a verified family law financial affidavit listing $1,440.00 as her monthly gross salary or wages; $400.00 more in “monthly bonuses, commissions, allowances, overtime, tips, and similar payments”; and $1,564.00 as her presently monthly net income. The former husband concedes that he never filed a verified financial affidavit or any other financial disclosure in the trial court dur
 
 *743
 
 ing the modification proceedings. Upon proper notice, neither the former husband nor his attorney appeared at the modification hearing on December 19, 2007.
 

 In calculating child support, a trial court must determine each parent’s income.
 
 See id.
 
 at 581;
 
 Pavese v.
 
 Pavese, 932 So.2d 1269, 1270 (Fla. 2d DCA 2006). To ascertain the presumptive minimum amount of monthly child support, the Florida Legislature devised the child support guidelines, which take into account “combined monthly available income” and the number of children.
 
 See
 
 § 61.30(6), Fla. Stat. (2005);
 
 Swanston v. Swanston,
 
 746 So.2d 566, 569 (Fla. 1st DCA 1999). “Net income for the obligor and net income for the obligee shall be computed by subtracting allowable deductions from gross income,” and then their net incomes “shall be added together for a combined net income.” § 61.30(4)-(5), Fla. Stat. (2005);
 
 see Finney,
 
 995 So.2d at 581.
 

 At the hearing, the former wife presented unrefuted testimony that the former husband was earning an average of $300.00 a day when working offshore. She testified that the former husband spent an average of 20 days to 3/4 of each month working offshore. Her own income figures had changed since the filing of the financial affidavit. The former wife testified that her monthly gross salary is $2,080.00, plus $200.00 in bonuses or overtime. She was paying $15.00 ($30.00 total) monthly for each child’s health insurance and co-payments for their office visits. Her twice-a-month income check paid $873.44. The court multiplied this semi-monthly figure, $873.44, by 26 (one-half of 52 weeks in a year) for a total of $22,709.44, and then divided that figure by 12 (months) to find a monthly income of $1,892.00 minus $30.00 (children’s insurance), or $1,862.00 net, for the former wife.
 

 To determine the former husband’s monthly net income, the court multiplied $300.00 (daily pay) by 20 (days a month worked, on average), for a total of $6,000.00 monthly, minus 20% for taxes, equaling $4,800.00 monthly. The court combined the parties’ monthly available incomes — $1,862.00 plus $4,800.00 equals $6,662.00 — and determined that the presumptive mínimums for one and two children are $1,184.00 and $1,843.00, respectively. A minor scrivener’s error ($6,692.00 instead of $6,662.00) in the court’s calculations would not change these presumptive amounts pursuant to section 61.30(6), Florida Statutes (2005).
 

 The trial court concluded that the former wife had shown a substantial change in circumstances since the final judgment, including the fact that significant changes in the former husband’s work schedule and hours required her to assume virtually all of the parental duties and responsibilities. The court granted the former wife’s request to be designated the primary residential parent and ordered her to have sole parental responsibility of the children. Calculating that the former husband’s monthly available income is 72% of the parties’ total monthly available income, the court determined that his monthly child support obligation for one child is $852.50 and for two children is $1,327.00.
 
 See
 
 § 61.30(9), Fla. Stat. (2005) (“Each parent’s percentage share of the child support need shall be determined by dividing each parent’s net income by the combined net income.”).
 

 The former husband is responsible for reasonable monthly child support, including any arrearages that have accumulated since the filing of the petition for modification. In its written order, the court included a chart breaking down the former husband’s monthly child support obligations since October 6, 2005, and account
 
 *744
 
 ing for certain time periods when the older child was not in residence with her mother. The court found that a total of $38,103.53 was owed for child support for the period from October 6, 2005, through December 31, 2007, of which $13,000.00 had been paid, leaving an arrearage of $20,103.53. The court ordered the former husband to pay monthly child support plus a $100.00 monthly payment against the arrearages until the amount is fully paid.
 

 The former husband moved for rehearing on the ground that the trial court had not based the child support amount on the statutory guidelines. His motion was denied.
 

 On appeal, the former husband complains that the modification order neither states the parties’ respective monthly incomes nor reveals how the child support amount was calculated. He notes that the written order does not state expressly that the court relied on the statutory guidelines. Whether the trial court correctly calculated child support under the requirements of section 61.30, Florida Statutes (2005), is a question of law subject to
 
 de novo
 
 review.
 
 See Finney,
 
 995 So.2d at 581;
 
 Kareff v. Kareff
 
 943 So.2d 890, 892 (Fla. 4th DCA 2006). The former husband contends that “[t]he record ... contains no child support guidelines calculations and no financial affidavit from the appellant/husband.” He argues that without adequate findings of fact in the record, meaningful appellate review of the modification order is impossible. Much of the former husband’s argument on appeal is based on the purported absence of a modification hearing transcript in the appellate record. However, after the former husband filed his initial brief, the former wife filed “Appellee’s Notice of Filing Hearing Transcript,” including a complete transcript of the modification hearing.
 

 From our review of the hearing transcript, it is clear that the former wife’s testimony and verified financial affidavit provided competent, substantial evidence from which the trier of fact could determine the parties’ respective incomes and the former husband’s average number of hours/days worked. “[I]t is the burden of the trial court to determine the amounts based upon the evidence presented.”
 
 Deoca v. Deoca,
 
 837 So.2d 1137, 1138 (Fla. 5th DCA 2003). Where the former husband failed to present evidence that would lead to an accurate calculation of his income, the trial court properly relied on the evidence presented by the former wife, who had the burden to show a substantial change of circumstances since the final judgment of dissolution of marriage.
 
 See id,
 
 at 1138-39. The trial court made the best of the record presented at the modification hearing.
 
 See Hicks v. Hicks,
 
 948 So.2d 63, 64 (Fla. 5th DCA 2007) (recognizing that a party who fails to provide full, complete financial disclosures will not be heard to complain about the trial court’s inability to make a specific calculation).
 

 “A child support determination is within the sound discretion of the trial court, subject to the statutory guidelines and the reasonableness test.”
 
 Ondrejack v. Ondrejack,
 
 839 So.2d 867, 871 (Fla. 4th DCA 2003). The circuit judge made very detailed oral calculations in the record that clearly demonstrate he was adhering to the child support guidelines calculation procedures and the schedule in section 61.30(6), Florida Statutes (2005), in determining the presumptive minimum amount of child support due for two children. Because the court did not deviate at all from the presumptive minimum amount, it was not required to include findings of fact to explain the deviation pursuant to section 61.30(l)(a), Florida Statutes (2005). The monthly schedule set forth in the order demonstrates how the arrearages were tal
 
 *745
 
 lied. Because competent, substantial evidence supports the trial court’s findings of fact and the court tracked the pertinent schedule in the statutory guidelines, the former husband has not met his burden to show any reversible error. In some instances, the absence of more specific factual findings in the written order might compel reversal. In the instant record, the detailed oral calculations suffice to prove that the former wife established proper grounds for modification of custody and child support in the amounts stated by the trial court. The record before us is sufficient to permit meaningful appellate review. For these reasons, we AFFIRM the order granting the petition for modification.
 

 KAHN and BENTON, JJ., concur.