SUAREZ, J.
 

 William James Boyd (“the husband”) appeals a non-final order denying his exceptions to the amended report and recommendations of the general magistrate. We reverse and remand the trial court’s denial of the husband’s exceptions to the award of temporary attorney’s fees but we affirm the trial court’s denial of the husband’s exceptions to the award of temporary child support.
 

 The husband filed exceptions to the general magistrate’s amended report and recommendations. He claimed that, because he had raised a timely and proper objection to the magistrate’s hearing the motion for temporary attorney’s fees, the magistrate, having acknowledged the objection, had no authority to rule on the issue of attorney’s fees.
 
 See
 
 Fla. Fam. L.R.P. 12.490(b). The husband also claimed that the magistrate’s award of temporary child support was based on imputed income to the husband and because the magistrate’s amended report did not contain special findings on the source, calculation, and amount of the imputed income, the magistrate’s award of temporary child support cannot stand. The trial court denied the exceptions.
 

 Based on the wife’s concession on appeal concerning the attorney’s fees issue, we reverse the trial court’s denial of the husband’s exceptions to the magistrate’s award of temporary attorney’s fees and costs to the wife, and remand for the trial court to hear that issue ab initio.
 
 See Young v. Young,
 
 816 So.2d 1267 (Fla. 3d DCA 2002).
 

 The husband next appeals the trial court’s denial of his objections to the magistrate’s award of temporary child support claiming the magistrate’s award was based on imputed income and the amended report failed to include the required special findings on the source, calculation, and amount of the imputed income. We disagree. The magistrate’s amended report shows he did not impute income to the husband. The magistrate’s amended report states that he based the award of temporary child support on the husband’s own testimony. First, the husband repeatedly failed to comply with discovery and disclosure of his financial records hampering the magistrate’s ability to make a specific calculation and the husband now cannot complain.
 
 See Hicks v. Hicks,
 
 948 So.2d 63 (Fla. 5th DCA 2007). Second, the magistrate based the temporary child support on the husband’s own testimony wherein the husband stated that he had $3,333.33 available to him monthly to maintain his lifestyle in addition to his disclosed monthly income. As such, we affirm the magistrate’s award of temporary child support.
 
 See Shaw v. Nelson,
 
 4 So.3d 740 (Fla. 1st DCA 2009). We distinguish the cases of
 
 Chapoteau v. Chapoteau,
 
 659 So.2d 1381 (Fla. 3d DCA 1995), and
 
 Seilkop v. Seilkop,
 
 575 So.2d 269 (Fla. 3d DCA 1991), in that, in this case, the general magistrate did not impute income, but rather based his finding of the husband’s ability to pay on the direct testimony of the husband that he had available to him $3,333.33 a month in addition to his disclosed monthly income.
 

 Affirmed in part; reversed in part and remanded.