MORRIS, Judge.
 

 Julia MacRae-Billewicz, the wife, appeals a final judgment of dissolution of marriage. The wife raises five issues on appeal. We find three issues to be without merit, and we affirm the final judgment as it relates to those three issues without further comment. However, we reverse the equitable distribution and child support determinations for the reasons discussed below, and we remand for further proceedings on those limited issues.
 

 The parties married in July 1999 and separated in December 2004. They have a minor son, born on March 29, 2000. A dissolution hearing was held on September 18 and 19, 2007, and the final judgment was entered on November 15, 2007. An official transcript of the final hearing is not included in the record on appeal; however, a statement of the proceedings was submitted by the wife, without objection from the husband, and approved by the trial court pursuant to Florida Rule of Appellate Procedure 9.200(b)(4).
 

 On appeal, the wife contends that the trial court erred in applying full faith and credit to a New Hampshire probate order when ruling on a Canadian condominium purchased by the parties during their marriage. The wife argues that the husband bought her the condominium during the marriage and that the husband and wife own the property as tenants by the entirety-
 

 In distributing the marital property, the trial court gave full faith and credit to a New Hampshire probate order finding that the husband had fraudulently acquired the assets of a family trust. The probate order established a constructive trust and directed the husband to return the fraudulently acquired assets to the trust. The trial court in the instant dissolution proceeding found that the Canadian condominium, although acquired, by the ■wife and husband during their marriage, was subject to the New Hampshire pro
 
 *228
 
 bate order and that the New Hampshire probate order operated to divest the wife and the husband of any interest in the Canadian condominium.
 

 We review the trial court’s equitable distribution for abuse of discretion.
 
 See Rogers v. Rogers,
 
 12 So.3d 288, 291 (Fla. 2d DCA 2009). “Courts in every jurisdiction are required to give judgments entered in sister states the full faith and credit of the law.”
 
 In re Estate of O’Keefe,
 
 888 So.2d 157, 160 (Fla. 2d DCA 2002) (citing U.S. Const. art. IV, § 1; 28 U.S.C. § 1738). “However, those sister court judgments are entitled to full faith and credit only as to those individuals who were parties to the sister court’s proceedings or were given notice and an opportunity to be heard in those proceedings.”
 
 Cuevas v. Kelly,
 
 873 So.2d 367, 372 (Fla. 2d DCA 2004).
 

 The wife testified in the proceedings below that she was not a party to the New Hampshire proceeding and that she was not provided notice and an opportunity to be heard. Therefore, the trial court erred in giving full faith and credit to the New Hampshire court’s rulings in regard to the Canadian condominium.
 
 See Cuevas,
 
 873 So.2d at 372. In addition, the wife testified that the husband bought the condominium as a birthday gift to her during the marriage and that he purchased it with stocks he received from one of his jobs and not from any of the trust assets. The husband’s testimony in the approved statement of proceedings was consistent with the wife’s testimony in this regard. Accordingly, there was competent, substantial evidence that the condominium was a marital asset.
 
 See
 
 § 61.075(5)(a)(3), (5)(a)(5), Fla. Stat. (2007). We reverse the trial court’s equitable distribution determination and remand for further proceedings on this issue.
 

 The wife also contends that the trial court erred in its award of child support to be paid by the husband. She claims that $500 a month is unreasonably low for a child diagnosed with autism and that it falls well below the guidelines amount that the husband should pay based on his income-earning potential.
 

 In the final judgment of dissolution, the trial court imputed income to the husband in the amount he was earning in 2005 and ordered the husband to pay the same amount he had been ordered to pay in 2005, which was $500 per month. The wife claims that this is not enough and that under the guidelines, the husband should have been ordered to pay $720 a month. She contends that the $720 amount is based on the gross annual salary of $60,000 that he was earning prior to the dissolution hearing.
 

 During the proceedings below, the husband was earning $60,000 annually in January 2007, and in July 2007, the husband was ordered to pay $750 a month in child support. At the final hearing in September 2007, the husband admitted that he had earned approximately $60,000 annually at two of his most recent jobs and he testified that he resigned from his last job to move up north. According to section 61.30(2)(b), the trial court should impute income to a voluntarily unemployed parent. Under the child support guidelines, $500 a month in child support is justified when the combined monthly net income of the parents is $2300. The trial court did not impute income to the wife because she was unemployed as a stay-at-home mother during the marriage.
 
 See
 
 § 61.30(2)(b). If the husband was making a gross income of $60,000 per year ($5000 a month) prior to voluntarily leaving his job, the trial court should have imputed a net income to him exceeding $2300 a month.
 

 
 *229
 
 We note that the trial court did not make the required written findings in regard to the husband’s income.
 
 See
 
 § 61.30(1).
 

 It is well[ ]settled that a trial court errs by failing to make findings of fact regarding the parties’ incomes when determining child support. This is because findings regarding the parties’ incomes are necessary for a determination of whether the support ordered departed from the guidelines and, if so, whether that departure was justified. Thus, the failure to include findings regarding the parties’ incomes for purposes of child support calculations renders a final judgment facially erroneous, and the absence of a transcript does not preclude reversal on that basis.
 

 Wilcox v. Munoz,
 
 35 So.3d 136, 139 (Fla. 2d DCA 2010) (citations omitted).
 

 In addition, it is clear from the record that the child was diagnosed with autism and that behavioral therapy has been recommended by his doctors. The mother also testified that the child suffers from obsessive compulsive disorder. The trial court may “adjust the minimum child support award” based on “[ejxtraordinary medical, psychological, educational, or dental expenses” for the child, § 61.30(ll)(a)(l), as well as the “[sjpecial needs, such as costs that may be associated with the disability of the child, that have traditionally been met within the family budget even though the fulfilling of those needs will cause the support to exceed ■ the proposed guidelines,” § 61.30(ll)(a)(6). The trial court made no mention of the child’s disability and special needs in the final judgment of dissolution.
 

 The trial court abused its discretion in failing to properly apply the child-support guidelines based on the evidence presented.
 
 See Solomon v. Solomon,
 
 861 So.2d 1218, 1220 (Fla. 2d DCA 2003) (“Because the trial court failed to calculate child support under the guidelines, the award of child support must be reversed.”);
 
 Shaw v. Nelson,
 
 4 So.3d 740, 742 (Fla. 1st DCA 2009) (“Ordinarily, a trial court’s determination of child support is reviewed for an abuse of discretion, although such discretion is subject to the statutory child support guidelines.”). We reverse the determination of child support and remand for further proceedings.
 

 Affirmed in part, reversed in part, and remanded.
 

 NORTHCUTT and WALLACE, JJ„ Concur.