NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JAMES SCOTT HORRISBERGER, JR.,   )
   )
        Appellant,   )
   )
v.   )   Case No. 2D14-2543
   )
BRITTA MARIE HORRISBERGER n/k/a   )
BRITTA ABBE,   )
   )
        Appellee.   )
_____ )

Opinion filed October 9, 2015.


Appeal from the Circuit Court for
Hillsborough County; Laurel Moore Lee,
Judge.

Kathy C. George of Law Offices of Kathy C.
George, Dunedin, for Appellant.

No appearance for Appellee Britta Marie
Horrisberger n/k/a Britta Abbe.


NORTHCUTT, Judge.


        The only issue in this appeal is whether the circuit court correctly

calculated child support after dissolving the parties' marriage. It did not, and we

reverse.

The dissolution judgment reserved jurisdiction to establish a child support amount and directed the parties to submit a joint child support guidelines worksheet. The judgment found that for this purpose Mr. Horrisberger's monthly gross income was $2600 and Ms. Abbe's monthly gross income was $1643.20.

The parties were unable to agree on a joint worksheet, so they each submitted one. Mr. Horrisberger's worksheet used the figures found in the dissolution judgment to be the parties' gross incomes. Ms. Abbe's worksheet listed her net income as $1127.28. But the worksheet deducted nothing from the $2600 gross income previously ascribed to Mr. Horrisberger and simply denoted it as his net income. This, of course, was incorrect, but it was the basis for the child support that was ultimately awarded in an addendum to the dissolution judgment.

The upshot is that Mr. Horrisberger has been directed to pay child support based on a comparison of his gross income to his former wife's net income. As noted in Brock v. Brock, 690 So. 2d 737, 741 (Fla. 5th DCA 1997), this is like comparing "apples to oranges" and is not a permissible way to calculate child support. Because the circuit court did not properly calculate the support under the guidelines, we must reverse the addendum to the final judgment that establishes child support and remand for a redetermination of the amount. See McRae-Billewicz v. Billewicz, 67 So. 3d 226, 229 (Fla. 2d DCA 2010).

Reversed and remanded.

SILBERMAN and LaROSE, JJ., Concur.

2